Nos. 39,692 and 39,779

John L. Sundgren, *Appellee,* v. The Topeka Transportation Company, Incorporated, *Appellant.*

(283 P. 2d 444)

Opinion filed May 7, 1955.

*Willard N. Van Slyck, Jr.,* of Topeka, argued the cause, and *Clayton E. Kline, M. F. Cosgrove, Robert E. Russell,* and *William B. McElhenny,* all of Topeka, were with him on the briefs for the appellant.

*David H. Fisher,* of Topeka, argued the cause, and *Irwin Snattinger* and *Donald Patterson,* both of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This action was brought in the name of John L. Sundgren, plaintiff, to recover for personal injuries alleged to have been caused by the negligence of the defendant.

Defendant's appeal is from an order sustaining plaintiff's motion to strike certain matters of defense from its amended answer to the original petition, and from an order overruling defendant's demurrer to plaintiff's subsequent petition, as amended.

Appellee John L. Sundgren will be hereinafter referred to as plaintiff, and appellant Topeka Transportation Company, Inc., as defendant.

In the original petition filed October 26, 1953, omitting the formal and detailed portions, plaintiff alleged that he was injured on January 18, 1952, when the truck which he was driving was struck in a street intersection by a bus being operated by the defendant through its agent. The petition alleged the specific acts of negligence on

the part of defendant which were the proximate cause of the plaintiff's injury, the extent of the injuries suffered, and the amount of damages claimed, including hospital and doctor bills, and asked judgment for damages in the amount specified therein.

To the petition, the defendant filed an amended answer denying the allegations of the petition, except certain formal ones as to residence, corporate entity of the defendant, agency, and time and place of the accident. After pleading the defense of contributory negligence, the defendant affirmatively alleged that the plaintiff was an employee of James R. Shimer; that the injuries sustained by plaintiff were the result of an accident arising out of and in the course of his employment with James R. Shimer; that plaintiff and Shimer were operating under and governed by the provisions of the Workmen's Compensation Act of Kansas; that subsequent to the date of the collision, plaintiff received and accepted from his employer and its insurance carrier payments of compensation and, in addition thereto, hospital and medical expense in the amounts stated as authorized by the Workmen's Compensation Act. The answer further alleged:

". . . That said payments were made and were accepted by plaintiff in connection with the personal injuries allegedly sustained by plaintiff in the collision accident of January 18, 1952, mentioned in plaintiff's petition herein. That one of the sections of said workmen's compensation act (G. S. 1949, 44-504) provides, in part, that an action against an alleged negligent third party for damages on account of personal injuries sustained by a workman which are compensable under said act, if prosecuted by said workman, must be instituted within one year from the date of the injury, and that failure on the part of the injured workman to bring such action within said time shall operate as an assignment to his employer of any cause of action in tort which the workman may have against any other party for such injury. That this action was not instituted within one year from the date of plaintiff's alleged injury on January 18, 1952, the plaintiff's petition herein not being filed until on or about October 26, 1953. That, as shown on the face of plaintiff's petition, this action has been instituted solely by and for the benefit of the plaintiff, John L. Sundgren. That, as a consequence, this action was, at the time it was filed, and is now barred by the limitation provision contained in said statute (G. S. 1949, 44-504), and that this defendant, since the expiration of said one-year period from the date of the said accident, has not been subject to suit by, and has no legal liability to, said plaintiff, John L. Sundgren. . . ."

Plaintiff moved to strike certain portions from defendant's answer, including the above quoted portion, on the ground that the allegations were not properly pleaded or a proper defense to the plaintiff's cause of action. The motion was overruled in part and plain-

tiff was ordered to include in his petition information as to the real party plaintiff in interest, and that part of the motion lodged against the quoted portion of the answer was sustained by the court and stricken. From this latter ruling, defendant appeals.

On July 1, 1954, plaintiff filed an amended petition, adding to this original petition the allegation that he was employed by one Shimer as a delivery truck driver and, on the day of the accident, was operating the truck in the course of his employment with Shimer; that by reason of his employment and injury sustained in the accident, was furnished medical treatment and hospitalization by his employer Shimer, named the doctors and hospital, the amounts paid to each, and that plaintiff was paid compensation in the specified amount by his employer's insurance carrier, as provided by the Workmen's Compensation Act, and that by reason of the payment of compensation and medical expenses, plaintiff's employer Shimer, and his insurance carrier are subrogated in the amount of the payments, and that the action was brought for the benefit of plaintiff, his employer Shimer, and the insurance carrier, as their interest may appear. The prayer was also changed to include the amount of compensation paid by the employer and his insurance carrier, and specified an amount for permanent injury, pain and suffering to plaintiff.

Defendant demurred to the amended petition on the ground it failed to state facts sufficient to state a cause of action against defendant, which was overruled, from which ruling it appeals.

Summarized, defendant's contention is that the instant action is barred by the statute of limitations contained in G. S. 1949, 44-504, which reads:

"When the injury . . . for which compensation is payable under this act was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured workman, . . . shall have the right to take compensation under the act and pursue his . . . remedy by proper action in a court of competent jurisdiction against such other person. In the event of recovery from such other person by the injured workman, . . . by judgment, settlement or otherwise, the employer shall be subrogated to the extent of the compensation and medical aid provided by him to date of such recovery and shall have a lien therefor against such recovery and the employer may intervene in any action to protect and enforce such lien. Such action against the other party, if prosecuted by the workman, must be instituted within one year from the date of the injury, . . . Failure on the part of the injured workman, . . . to bring such action within the time herein specified, shall operate

as an assignment to the employer of any cause of action in tort which the workman . . . may have against any other party for such injury . . . and such employer may enforce same in his own name or in the name of the workman, . . . for their benefit as their interest may appear by proper action in any court of competent jurisdiction."

The petition disclosed the accident occurred January 18, 1952, and the action was not filed until October 26, 1953. As previously indicated, this was a common law action to recover damages from a third party. It could be instituted within two years from the date the cause of action accrued. (G. S. 1949, 60-306.) It is clear from the statute that unless the workman avails himself of his common law remedy against a negligent third party by filing suit within a year following the date of the injury, his right to bring the action ceases, and his employer thereupon acquires a right for the remaining year of the two-year limitation period by virtue of the statutory assignment provided. The employer's action may be brought either in his own name or in the name of the workman, any recovery obtained being for their mutual benefit as their interest may appear. In case neither the workman nor the employer institutes the action, the employer's workmen's compensation insuror may do so within the specified time. Under the statute there is a community of interest as between employee and employer, in actions against a negligent third party. There is but one cause of action and it belongs either to the employee or the employer or his insurance carrier. (*Elam v. Bruenger*, 165 Kan. 31, 35, 193 P. 2d 225; *Wise v. Morgan-Mack Motor Co.*, 173 Kan. 372, 376, 246 P. 2d 308; *Lumbermens Mut. Cas. Co. v. Dodge City Cement Pr. Co.*, 88 Fed. Supp. 643.)

Defendant contends the court erred in striking the aforementioned quoted portion from its answer. There is nothing in the original petition to indicate that plaintiff's action was brought by his employer in his name. So far as the record disclosed, it was a suit by plaintiff in his individual capacity against the defendant. There was no allegation in the petition that plaintiff received any compensation or was under the Workmen's Compensation Act at the time of the injury. G. S. 1949, 60-710, provides that a defendant may set forth in his answer any new matter constituting a defense or right to relief concerning the subject of the action. This defendant did by setting forth that plaintiff at the time of the injury was an employee of Shimer; had been paid compensation, furnished hospitalization and medical attention under the Workmen's Compensation Act;

that more than one year had expired prior to the filing of the action, and that the same was barred by the limitation provided in section 44-504. It is obvious that if the defensive matter was proved, the plaintiff would be barred from maintaining the action, and the court erred in striking the quoted portion from the answer.

Defendant's second contention is that the court erred in overruling its demurrer to plaintiff's petition, as amended, on the theory that if the workman fails to bring the action within the first year, and the employer determines to do so during the second year in the name of the workman, then the employer, in order to state a cause of action sufficient to withstand a general demurrer, must disclose on the face of the petition filed in the cause within that period both his identity and the necessary facts showing his right as statutory assignee of the cause of action to bring the suit.

We are of the opinion that defendant's construction of the statute is too narrow. The statute was not enacted to relieve, alter or vary in any way the liability for the tort of the third party wrongdoer. (*Moeser v. Shunk*, 116 Kan. 247, 226 Pac. 784.) The liability of the tort-feasor remains the same for two years after the injury no matter who brings the action—the employee or the employer. Workmen's compensation statutes are to be liberally construed with the view of making effective the legislative intent and not for the purpose of nullifying it. (*Clifford v. Eacrett*, 163 Kan. 471, 183 P. 2d 861.)

The original petition was filed in the name of the plaintiff approximately twenty-one months from the date of the injury. It is not questioned that it stated a cause of action for damages against defendant. It is only contended it failed to state the action was brought by the employer in the name of the plaintiff (employee) to recover as their interest may appear, as provided by section 44-504. No motion to make more definite and certain was leveled against it. Consequently the petition should be liberally construed.

When the defendant alleged in its answer that the plaintiff at the time of his injury was covered by the Workmen's Compensation Act and that he failed to file his action within one year and was, therefore, barred, the trial court required the plaintiff to file an amended petition setting forth the real party in interest. Under the above ruling, the amended petition was filed, as hereinbefore stated, alleging that the action was brought by the employer in the name of the employee for the benefit of the parties as their interest might ap-

pear. The only question remaining now is whether the allegations in the amended petition, filed more than two years after the cause of action accrued, relate back to the original filing of the petition. This must be answered in the affirmative. The amended petition was nothing more than an amplification of the original, setting forth the interest of the party plaintiff.

It has been a long standing rule of this court that where a petition alleges a cause of action but does so imperfectly and with insufficient detail, and the additional allegations of an amended petition are only an enlargement and amplification of the averments of the original by setting out more definitely that which was previously imperfectly pleaded and do not set up a new cause of action, the fact that the statute of limitations has run when the amended petition is filed is not a bar to recovery, for in such a case the amended petition relates back to the date of filing of the original one. (*Maddox v. Neptune,* 175 Kan. 465, 264 P. 2d 1073; *Hoffman v. Hill,* 175 Kan. 826, 267 P. 2d 526; *Talbott v. Farmers Union Co-op Elevator,* 174 Kan. 435, 256 P. 2d 856; *Smith v. LaForge,* 170 Kan. 677, 228 P. 2d 509.) Moreover, the amended petition did not set up a new cause of action but merely tended to show the proper party plaintiff. This could be shown by amending the original petition, and such amendment would relate back to the commencement of the action so as to bar the statute from running in favor of the defendant. Great latitude is given to the trial court in the matter of amendment of pleadings with a view of curing defects, supplying omissions and preventing injustice. Our statute, in turn, authorizes the adding or striking out of the name of any party or correcting a mistake in the name of a party, or a mistake in any respect, and for clarification of the parties in interest. (G. S. 1949, 60-759.) While it is a radical amendment to substitute one plaintiff for another, such an amendment is clearly within the power of the court under the plain provisions of our statute. In *Service v. Bank,* 62 Kan. 857, 62 Pac. 670, it was stated:

"In an action brought to recover on a note and to foreclose a mortgage, the district court has power to substitute the real owner of the note and mortgage as plaintiff in place of the payee of the paper, in whose name the action had been brought by mistake, and who had transferred the paper before the action was brought.

"The substitution of parties did not change the claim or cause of action nor the object for which the proceeding was brought, and, as the amendment re-

lated back to the commencement of the action, the statute of limitations did not thereafter run in favor of the defendants."

We stated in *Williams v. Bridge & Iron Co.*, 111 Kan. 34, 206 Pac. 327:

"In an action for damages for wrongful death, brought for the benefit of a person lawfully entitled thereto, the substitution, by amendment, of a new party plaintiff who had a right to sue in that behalf, in lieu of a plaintiff who did not have such right, was properly allowed by the trial court; and such substitution did not change the cause of action; nor did the statute of limitations run against the substituted plaintiff during the pendency of the action as originally begun."

(See, also, *Harlan v. Loomis*, 92 Kan. 398, 140 Pac. 845; *McGinnis v. General Exchange Ins. Corp.*, 142 Kan. 338, 46 P. 2d 876; 67 C. J. S., Parties, 1075, § 85.)

The fact that considerable time lapsed between the commencement of the instant case and the making of the amendment is not a good ground for complaint as it appears the defendant was not prejudiced by reason of clarification and amplification of the party plaintiff, nor by the delay in making the amendment. Courts will guard the rights of parties by permitting amendments to be made where they will accomplish justice, and the amendment does not operate unjustly against the defendant.

In view of what has been said, the court did not err in overruling defendant's demurrer to plaintiff's petition, as amended. The judgment of the trial court is affirmed.

It is so ordered.

PRICE, J., dissenting in part, being of the opinion that the demurrer to the amended petition should have been sustained.