No. 43,195

EARL RUMBAUGH, *Appellee,* v. ANDREW F. VONFELDT, *Appellant.*

(378 P. 2d 5)

Opinion filed January 26, 1963.

*Norbert R. Dreiling,* of Hays, argued the cause and was on the briefs for the appellant.

*Edgar M. Miner,* of Hays, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This appeal stems from an action to recover damages from an alleged negligent third party, for injuries to an employee compensated under the Workmen's Compensation Act. The facts are not disputed.

On January 12, 1960, Earl Rumbaugh was injured while in the course of his employment for Melvin L. Jarvis. It is contended that the injuries resulted from the negligence of a third party, Andrew F. Vonfeldt.

Rumbaugh filed a claim against his employer, Jarvis, under the Workmen's Compensation Act. Following a hearing, held on December 20, 1960, Rumbaugh was awarded $2,246.18 against Jarvis and his insurance carrier, Hartford Accident and Indemnity Company. The insurer paid the award and received from Rumbaugh a subrogation assignment which provided in part as follows:

". . ., in consideration of the said payment of workmen's compensation benefits and the mutual covenants herein expressed, the undersigned hereby assigns and subrogates to the said Jarvis Construction Company and Hartford Accident and Indemnity Company, all of the rights, claims and interests which the undersigned may have against said Andy F. VonFeldt, Hays, Kansas, to the amount of and not exceeding $2,246.18, and authorizes said Jarvis Construction Company and/or the Hartford Accident and Indemnity Company to sue, compromise and settle said subrogation claim, in the undersigned's name or otherwise, to the extent of and not exceeding said sum of $2,246.18, and to execute releases and endorse checks or drafts given in settlement of said subrogation claim.

"Provided, however, the said Jarvis Construction Company and Hartford Accident and Indemnity Company shall have no right, power or authority to settle or compromise any claim or chose in action which the undersigned has or may have against the said Andy F. VonFeldt by reason of said accidental injury, in excess of said award in the sum of $2,246.18, and any settlement or payment by the said Andy F. VonFeldt or his liability insurance carrier to Jarvis Construction Company or Hartford Accident and Indemnity Company in settlement of said subrogation lien shall in no manner effect or constitute a release of the claim of the undersigned against said Andy F. VonFeldt in excess of said subrogation claim for workmen's compensation benefits paid."

Subsequently the Western Casualty and Surety Company, the liability insurer for the alleged negligent third party, Vonfeldt, reimbursed Hartford Accident and Indemnity Company for the com-

pensation award paid by it to Rumbaugh and took a release. The release was dated January 31, 1961, and signed only by the Hartford Accident and Indemnity Company.

The release acknowledged the receipt of $2,246.18 and further provided that the undersigned does hereby and for its,

". . . heirs, executors, administrators, successors and assigns release, acquit and forever discharge Andy Von Feldt and his, her, their or its agents, servants, successors, heirs, executors, administrators and all other persons, corporations, associations or partnerships of and from any and all claims, actions, causes of action, demands, rights, damages, costs, loss of service, expenses and compensation whatsoever, which the undersigned now has/have or which may hereafter accrue on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen bodily and personal injuries and property damage and the consequences thereof resulting or to result from the accident, casualty or event which occurred on or about the 12th day of January, 1960, at or near Hays, Kansas.

"It is understood and agreed that this settlement is the compromise of a doubtful and disputed claim, and that the payment made is not to be construed as an admission of liability on the part of the party or parties hereby released, and that said releases deny liability therefor and intend merely to avoid litigation and buy their peace."

This action was filed July 7, 1961. Earl Rumbaugh appeared in the caption as plaintiff, and the petition was signed and verified by him. In addition to allegations as to negligent injury the petition stated:

"This action is brought in the name of and through Earl Rumbaugh by Melvin L. Jarvis, . . . Saline County, Kansas, as the employer of Earl Rumbaugh, on behalf of Melvin L. Jarvis, . . . and Earl Rumbaugh, for their benefit as their interest may appear. Said Earl Rumbaugh had and received benefits under the Workmen's Compensation Act of the State of Kansas for injury received in an accident occurring on January 12, 1960, which arose out of and in the course of his employment with Melvin L. Jarvis, . . . Said Earl Rumbaugh, as the injured workman thereunder, failed to bring action or pursue his remedy by proper action against Andrew F. VonFeldt, where the injury to him for which compensation was payable was caused under circumstances alleged herein to create a legal liability against defendant Andrew F. VonFeldt, within one year from the date of injury, thereby operating as an assignment to Melvin L. Jarvis, . . . his employer, of any cause of action in tort which he may have against another party for such injury. Such action in tort for his injury is thereby assigned to Melvin L. Jarvis, . . . and brought by him in the name of Earl Rumbaugh by the provisions of General Statutes of Kansas, 1959, Supp., 44-504, for the amount paid in Workmen's Compensation benefits by said Melvin L. Jarvis, . . ., and on behalf of plaintiff, Earl Rumbaugh, for his injury and damage, as their interests appear."

The prayer of such pleading read:

"WHEREFORE, Melvin L. Jarvis, . . . in the name of and through Earl Rumbaugh on behalf of Melvin L. Jarvis and Earl Rumbaugh, as their interests appear, prays judgment against the defendant in the total sum of $33,940.05 together with costs herein and for such other and further relief as the Court may deem equitable and just."

The defendant (Vonfeldt) filed a demurrer to the petition in which, along with other grounds not here involved, he charged that (a) "the plaintiff, Earl Rumbaugh had no legal capacity to sue in the matter," and (b) "the petition showed on its face the plaintiff was not the real party in interest." This demurrer was overruled and the defendant filed an answer in which he renewed his demurrer with other defenses.

The district court first determined the legal questions, leaving the question of negligence and amount of damages for later determination by a jury if the legal questions were determined adversely to Vonfeldt's contentions. The matter was presented to the district court largely on a stipulation which developed the facts heretofore stated. The lower court made very complete and comprehensive findings of fact and conclusions of law in which it concluded.

"The cause of action was properly brought in the name of plaintiff Earl Rumbaugh on either or both of two valid theories, namely: (a) by the employer Melvin L. Jarvis in the name of the employee plaintiff Earl Rumbaugh on behalf of each 'as their interests may appear' as provided in G. S. 1959 Supp., Sec. 44-504; or (b) by the plaintiff Earl Rumbaugh for himself and on behalf of the employer Melvin L. Jarvis 'as their interests may appear' as permitted in G. S. 1959 Supp., Sec. 44-504 . . .

"Under either theory . . ., the plaintiff or the employer Melvin L. Jarvis is not required to tender return of the $2,246.18 paid the Hartford Accident & I. Co. by defendant as shown by the release . . . Said sum of $2,246.18, however, shall be treated as an item of credit if and when the employee plaintiff's real damages are judicially ascertained and allowed. . . ."

Vonfeldt has appealed raising only two questions for review— (1) who is the real party in interest in the action, and (2) was the cause of action barred by G. S. 1959 Supp., 44-504 because not brought within one year after the alleged injury to Rumbaugh? His contentions are summarized as follows:

"In summary, the Appellant contends employer Jarvis was not and could not be a proper party to this action, that he had no interest herein or benefit to gain from the action. As a result thereof only Rumbaugh is a real party in interest as defined by Section 60-401 of the General Statutes. Since Rumbaugh did not file within the year required of employees and particularly since Jarvis and Hartford settled out their claims so that no interest remained

on which to base an action brought by the employer, this action instituted by employee Rumbaugh alone was brought too late and is barred by Section 44-504 aforementioned."

We must look to the provisions of G. S. 1959 Supp., 44-504, for the determination of this controversy. So far as here pertinent such statute reads:

"When the injury or death for which compensation is payable under this act was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured workman, his dependents or personal representatives shall have the right to take compensation under the act and pursue his or their remedy by proper action in a court of competent jurisdiction against such other person. In the event of recovery from such other person by the injured workman, or the dependents or personal representatives of a deceased employee by judgment, settlement or otherwise, the employer shall be subrogated to the extent of the compensation and medical aid provided by him to date of such recovery and shall have a lien therefor against such recovery and the employer may intervene in any action to protect and enforce such lien: . . . Such action against the other party, if prosecuted by the workman, must be instituted within one (1) year from the date of the injury, and if prosecuted by the dependents or personal representatives of a deceased workman, must be instituted within eighteen (18) months from the date of such injury. Failure on the part of the injured workman, or the dependents or personal representatives of a deceased workman to bring such action within the time herein specified, shall operate as an assignment to the employer of any cause of action in tort which the workman or the dependents or personal representatives of a deceased workman may have against any other party for such injury or death, and such employer may enforce same in his own name or in the name of the workman, dependents or personal representatives for their benefit as their interest may appear by proper action in any court of competent jurisdiction. . . ."

It is to be noted the foregoing section of the statute was amended in 1961 but the amendment did not affect the above quoted language.

The appellant misconstrues the purpose and effect of the Workmen's Compensation Act. The provisions of 44-504, *supra*, were not intended to shorten the two-year period in which an action must be brought for negligent injury. Nor were they intended to benefit the alleged wrongdoer.

In *Sundgren v. Topeka Transportation Co.*, 178 Kan. 83, 283 P. 2d 444, we said:

". . . The statute was not enacted to relieve, alter or vary in any way the liability for the tort of the third party wrongdoer. (*Moeser v. Shunk*, 116 Kan. 247, 226 Pac. 784.) The liability of the tort-feasor remains the same for two years after the injury no matter who brings the action—the employee or the employer. Workman's compensation statutes are to be lib-

erally construed with the view of making effective the legislative intent and not for the purpose of nullifying it. (*Clifford v. Eacrett,* 163 Kan. 471, 184 P. 2d 861.)" (p. 88.)

During the first year the injured workman has complete control of the tort action. If he does not see fit to bring the action within the year the right to bring it is, by the statute, assigned to the employer. The wrongdoer cannot, by reimbursing the employer for the compensation paid, destroy the cause of action accruing to the injured employee. Nor is the statutory assignment complete and in destruction of the rights of the employee to recover damages for injury in excess of the compensation paid by the employer. The rights existing between the employer and employee are clearly stated in *Terrell v. Ready Mixed Concrete Co.,* 174 Kan. 633, 258 P. 2d 275, which reads:

"As has been stated above, we are of the opinion that Terrell personally had a cause of action at common law against the appellees to recover for injuries received by him through their negligence. But that rule is of no avail to his employer, the Kellogg Company. It had no cause of action against the appellees at common law. Terrell's cause of action, being in tort, was not assignable at common law (*K. M. Rly. Co. v. Brehm,* 54 Kan. 751, 755, 39 Pac. 690, 4 Am. Jur. 251 and 5 A. L. R. 130) nor under our code of civil procedure (G. S. 1949, 60-401). Under the section of the workmen's compensation act quoted above Terrell had an exclusive right for a period of one year from the date thereof to institute an action against a third party wrongdoer for his injuries, and his failure to do so in that time barred his right. By express provision of that statute Terrell's failure to institute an action within the time operated as a statutory assignment of his cause of action to his employer, the Kellogg Company; but that assignment was not complete and in destruction of Terrell's right, but limited for the purposes set out in the statute and to be pursued as authorized by it. In effect it gave the employer a cause of action against the third party wrongdoer which he did not otherwise possess. Only when Terrell's right became barred and Kellogg Company's right then accrued did the latter have the right to institute an action, either in its own name or in the name of Terrell for their mutual benefit as their interests might appear. Even though Terrell's chose in action against appellees be a common law action, and even though it passed by statutory assignment to the Kellogg Company, the latter had the right to institute the instant action only by virtue of the provisions of the workmen's compensation act, and its right in that respect is governed by the act." (pp. 638, 639.)

There is no requirement in the statute that the employer must have a monetary interest in order to maintain the action. The action may be brought by the employer in the name of the employee, "for their benefit as their interest may appear." That was done in this case. The employer, Jarvis, testified that he brought the action in

his behalf for whatever subrogation rights he might have and whatever interest Rumbaugh, the employee, might have. This is all that is required by the statute.

In *Krol v. Coryell,* 162 Kan. 198, 175 P. 2d 423, we held:

"The provisions of G. S. 1945 Supp. 44-504, authorizing an employer to enforce an action of the character described in syllabus paragraph 1 in the name of the dependents or personal representatives of a deceased workman create an exception to the rule of the code of civil procedure (G. S. 1935, 60-401) that every action must be prosecuted in the name of the real party in interest and are to be given full force and effect notwithstanding the provisions of such code." (Syl. ¶ 2.)

At the time the opinion in the above case was written the application of the statute insofar as an employer was concerned was limited. However, after it was decided the legislature passed Chapter 287, Laws of 1947, now G. S. 1961 Supp., 44-504, and added the words "for their benefit (employer and employee) as their interest may appear." Thus it appears that the rule last above quoted is still the law of this state.

In the opinion in the *Krol* case it is said:

"In support of its contention that the court erred in sustaining the portion of the motion to strike directed against the second clause of the prayer of the answer, appellant directs our attention to G. S. 1935, 60-401, and insists that in view of the record it compels a conclusion the deceased workman's employer and the casualty company are the real parties in interest and must be substituted as parties. Conceding for present purposes such parties are the real parties in interest we do not agree. True enough the section just mentioned provides—in fact, the code of civil procedure since its enactment in 1868 has contained a similar provision—that every action must be prosecuted in the name of the real party in interest. However, the same power which lays down a general rule of statutory procedure may limit or restrict the scope of its operation. In our opinion the legislature exercised the power possessed by it and created an exception to the general rule of the code when in enacting G. S. 1945 Supp. 44-504, it provided 'and such employer may enforce same in his own name *or in the name of the workman, dependents or personal representatives* by proper action in any court of competent jurisdiction.' (Emphasis supplied.) . . ." (p. 201.)

In *Sundgren v. Topeka Transportation Co.,* supra, it is said:

"The petition disclosed the accident occurred January 18, 1952, and the action was not filed until October 26, 1953. As previously indicated, this was a common law action to recover damages from a third party. It could be instituted within two years from the date the cause of action accrued. (G. S. 1949, 60-306.) It is clear from the statute that unless the workman avails himself of his common law remedy against a negligent third party by filing suit within a year following the date of the injury, his right to bring the action ceases, and his employer thereupon acquires a right for the re-

maining year of the two-year limitation period by virtue of the statutory assignment provided. The employer's action may be brought either in his own name or in the name of the workman, any recovery obtained being for their mutual benefit as their interest may appear. In case neither the workman nor the employer institutes the action, the employer's workmen's compensation insuror may do so within the specified time. Under the statute there is a community of interest as between employee and employer, in actions against a negligent third party. There is but one cause of action and it belongs either to the employee or the employer or his insurance carrier. (*Elam v. Bruenger*, 165 Kan. 31, 35, 193 P. 2d 225; *Wise v. Morgan-Mack Motor Co.*, 173 Kan. 372, 376, 246 P. 2d 308; *Lumbermens Mut. Cas. Co. v. Dodge City Cement Pr. Co.*, 88 Fed. Supp. 643.)" (p. 87.)

See, also, *Davis v. Reed*, 188 Kan. 159, 360 P. 2d 847; *Lady v. Ketchum*, 186 Kan. 614, 352 P. 2d 21.

The right to bring the action against the wrongdoer under G. S. 1961 Supp., 44-504, is not dependent on the extent of the interest of the employee or employer. During the first year following the injury the employee may bring the action and if there is a recovery the employer is subrogated to the extent of the compensation paid. Whether or not the amount to be recovered is greater or less than the compensation paid, the right to bring the action belongs to the employee. During the second year the employer must bring the action either in his name or the name of the injured employee for their benefit as their interest may appear. The statute contains no requirements as to the extent of the employer's interest. He is the statutory representative for the injured employee for the purpose of bringing the action. The fact that the employer has been reimbursed for the compensation paid does not destroy the right nor the obligation created by the statute. The statute was not intended to destroy any existing rights of the injured employee for the benefit of the wrongdoer.

What has been heretofore stated compels us to conclude the employer (Jarvis) is authorized by the statute to bring the action and that whether he has any actual monetary interest in the results is of no consequence.

In conclusion it should perhaps be stated we have not failed to note that appellant emphasizes G. S. 1949, 60-401, which provides "every action must be prosecuted in the name of the real party in interest, . . ." All arguments advanced by him on this point overlook the exception contained in G. S. 1949, 60-403, which adds, "or a person expressly authorized by statute . . ."

See, also, *Rullman v. Rullman*, 81 Kan. 521, 106 Pac. 52, where it is held:

"The defendant has a right to insist that an action against him shall be brought by the real party in interest, as the statute provides, but the purpose of the statute has been attained if the defendant is not shut out from defenses and counterclaims and will be fully protected by the judgment from any further liability on the same cause." (Syl. ¶ 3.)

G. S. 1961 Supp., 44-504, permits the wrongdoer to make a complete defense and he is fully protected by the judgment from any further liability on the same cause.

The judgment is affirmed.