No. 45,497

HAROLD W. KELLEY, *Appellee,* v. LORRAINE D. LEE, *Appellant.*

(461 P. 2d 806)

Opinion filed December 6, 1969.

*John J. Jurcyk, Jr.,* of Kansas City, argued the cause and was on the brief for the appellant.

*James H. McLarney,* of Kansas City, Mo., argued the cause, and *Donald W. Vasos,* of Kansas City, and *Henry G. Eager,* of Kansas City, Mo., were with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: This is an action by a husband for medical expenses incurred and nursing service rendered because of injuries sustained by his wife in an automobile collision with defendant. Trial to the court upon stipulated issues resulted in a judgment for plaintiff from which defendant has appealed.

Essentially defendant's contentions upon appeal are encompassed within two general points. The first is the action was not timely filed, being barred by the two year statute of limitations applicable to torts (K. S. A. 60-513 [4]).

A chronological statement of the case is as follows: On December 22, 1962, plaintiff was driving an automobile on State Avenue in Kansas City, Kansas, when his vehicle was struck in the rear by

one driven by defendant. Plaintiff's wife, a passenger in his car, was injured in the collision. Plaintiff and his wife have at all times been residents of Missouri; defendant is a Kansas resident but has worked in Missouri. On July 3, 1963, plaintiff's wife filed suit against defendant in the circuit court of Jackson county, Missouri, securing personal service of summons upon him in that county. In that action plaintiff's wife sought damages for personal injuries, loss of wages and impairment of earning capacity. She did not seek reimbursement for medical expenses. Defendant caused the case to be removed to the United States district court for the western district of Missouri.

On November 14, 1964, and before the Missouri case had been tried, plantiff and plaintiff's wife initiated this action by filing their petition in the district court of Wyandotte county, Kansas. The caption of this petition named as plaintiffs both plaintiff and plaintiff's wife. The initial paragraph was as follows:

"Comes now the plaintiff LOUISE B. KELLEY and for her claim for loss of marital services and medical expenses for the benefit of her husband HAROLD W. KELLEY, pursuant to Sec. 23-205, GSKan. 1949, states: . . ."

Next followed allegations of the marriage, the collision, injuries sustained by plaintiff's wife, her medical care and impairment of her ability to perform domestic duties. The final paragraph of said petition contained an allegation that because of the wife's injuries "the plaintiff HAROLD W. KELLEY . . . has expended or incurred liability for medical, surgical and hospital treatment expenses in excess of $4,500." The prayer was for judgment for the benefit of Harold W. Kelley.

On February 3, 1965, trial to a jury in the Missouri action resulted in a judgment for plaintiff's wife for $15,000.

On November 7, 1966, with leave of court, plaintiff and his wife filed in the Wyandotte county action an amended petition in two counts. Count one recited it was brought by plaintiff's wife for the benefit of her husband for loss of marital services in the amount of $6,500, pursuant to K. S. A. 23-205, and further recited pertinent facts essential to recovery. Count two stated it was brought by plaintiff Harold W. Kelley for reimbursement of expenses paid or incurred for medical, surgical and hospital treatment and for the rendition of nursing care for his wife Louise, in the total sum of $8,500, and it recited further pertinent facts.

Prior to trial count one was dismissed at the request of plaintiff's

wife so that Harold W. Kelley was the only remaining plaintiff. It should be borne in mind throughout we are now concerned only with medical expense, not loss of marital services.

Trial to the court upon count two resulted in a judgment for plaintiff for $8,500. At trial defendant pleaded the statute of limitations and upon appeal he reasserts this defense.

We think this point is not well taken. The collision occurred December 22, 1962. The initial petition was filed November 14, 1964, well within the prescribed limitation. We have already recited its essentials. The plaintiff husband was in fact specifically joined and named as a plaintiff in the caption of that petition and in the body as well. Although the petition recited the action was brought in the name of plaintiff's wife for plaintiff's benefit pursuant to K. S. A. 23-205, the factual basis for the claim for medical expenses was specifically stated—that plaintiff had paid and incurred liability for his wife's medical expenses resulting from the collision with defendant. Applying the long established rule that a court looks through form to substance in measuring the sufficiency of allegations of a pleading we have no difficulty in concluding the initial petition sufficiently advised defendant of the facts upon which the claim for relief advanced by plaintiff arose, particularly under our new relaxed form of notice pleading which requires only a short and plain statement of the claim showing that the pleader is entitled to relief (K. S. A. 60-208 [a]). That a more precise pleading could have been designed is apparent from the filing later of count two of the amended petition. However, the amendment did not state a new claim for relief but merely identified more perfectly the proper party plaintiff. Amendment in such a situation has always been permissible (see *Sundgren v. Topeka Transportation Co.*, 178 Kan. 83, 283 P. 2d 444), although here it was not necessary. If there were any doubt about the matter it would have to be resolved against defendant in view of K. S. A. 60-215 (*a*) and (*c*) which permits amendments of pleadings with leave of court and provides that whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading, the amendment relates back to the date of the original pleading.

Defendant next contends the recovery by a wife of a judgment for personal injuries as the result of an automobile collision bars the husband from later recovery from the same defendant for the wife's

medical expense due to the collision. Defendant argues plaintiff's wife alone is the proper party to bring an action for her medical expense and that she could have included in her Missouri action such a claim and her failure to do so operates as a waiver of the claim and bars her husband from later asserting it. Defendant relies generally on the Kansas married woman's act (K. S. A. Chap. 23, Art. 2) and the Kansas philosophy of avoiding multiplicity of actions.

Although there is diversity of opinion in other jurisdictions as to whether a husband may recover for medical expenses due to an injury to his wife (see anno. 21 A. L. R. 3d 1113) it has long been recognized in Kansas that he may do so by reason of his obligation of support owing to the wife (see *Railway Co. v. Pavey,* 57 Kan. 521, 46 Pac. 969).

K. S. A. 23-205, being a part of our married woman's act which is relied upon by defendant in opposition to plaintiff's right to recover, provides as follows:

"That where, through the wrong of another, a married woman shall sustain personal injuries causing the loss or impairment of her ability to perform services, the right of action to recover damages for such loss or impairment shall vest solely in her, and any recovery therefor, so far as it is based upon the loss or impairment of her ability to perform services in the household and in the discharge of her domestic duties, shall be for the benefit of her husband so far as he shall be entitled thereto."

In *Shattuck v. Pickwick Stages Corp.,* 135 Kan. 602, 11 P. 2d 996, a husband recovered for cash outlay for nursing hire and also for his own services as a nurse and attendant for his wife who had been injured in an auto collision with the defendant. On appeal 23-205 was raised as a defense to recovery. This court stated:

"The statute does not apply. Plaintiff recovered nothing on account of his wife's inability to perform household duties and domestic service. He undertook to perform the function of a nurse, and recovered for his services in that capacity, valued as nurse hire—something not covered by the so-called emancipation act modifying the common law." (p. 605.)

Defendant contends the Shattuck ruling was by implication overruled by *Hoffman v. Dautel,* 192 Kan. 406, 388 P. 2d 615. We cannot agree. The Hoffman case dealt only with loss or impairment of rights of consortium, holding that a wife had no cause of action for such loss resulting from a direct injury to her husband because of the negligent act of another. Defendant also relies on *Foster v. Kopp,* 151 Kan. 650, 100 P. 2d 660, for his contention the medical

expenses of a wife are not recoverable to a husband from a tort-feasor. Although that brief opinion mentions medical bills it is apparent from the rationale stated that the actual ruling is the limited one stated in paragraph 2 of the syllabus—that by reason of 23-205 suit for loss of the wife's marital services is to be brought by the wife. The decision cannot be considered authority for the proposition asserted. Accordingly we reiterate that medical expenses due to a tortious injury to the wife are recoverable in an action brought by the husband.

Although we have little clear-cut authority on the subject it has long been common practice in Kansas, without any question raised, for a married woman to include in her general tort suit a claim for items of medical and hospital expense due to her injury. We do not here intend disapproval of the practice, under proper circumstances, so long as double recovery is precluded.

We are concerned, however, with creating an impression of blanket approval of the practice of two suits being brought in a situation where all claims could be adjudicated in one action. The question presented is novel in that the item under consideration—medical expense—is one for which recovery may be had by either the husband or the wife while other items of damage arising from tortious injury to the wife are recoverable by her alone. Courts should always seek to do justice between the litigants before them, and in answering the question, instead of attempting to prescribe any broad rule applicable to all situations, we look to the particular circumstances of this case as disclosed by the record.

Following the collision plaintiff's wife was hospitalized six times over a period of about two and one half years and was treated by ten physicians. She underwent surgery twice. The out-of-pocket medical and hospital expenses totaled $7,098.75. One of her periods of hospitalization occurred after trial of the Missouri action, during which time she underwent extensive surgery. Plaintiff performed about two years of personal nursing care for his wife after the Missouri trial. Although she had worked prior to the collision she had not returned to work at the time of the Kansas trial and had been bedfast much of the time. No mention of the amounts of medical expense was made in the Missouri trial and no reimbursement was sought in that action.

The record does not clearly show why medical expenses were made the subject of the Kansas action instead of being included in

the earlier Missouri action. We cannot tell how susceptible of proof her future medical expenses were at the time of the Missouri action, just how speculative they may have been, or whether there was any effort to consolidate the two actions so as to prevent multiplicity of trials. The record does reflect some possible misapprehension upon plaintiff's part about the application and scope of our K. S. A. 23-205, already mentioned. There is no indication the filing of two suits by the Kelleys was a deliberate effort at vexation or harassment of the defendant in forcing him to defend two suits, or that there was any withholding in order to have two chances at recovery. The Kansas case was actually submitted upon a stipulation of facts and issues and at the trial the slight additional evidence offered by the plaintiff was not inconsistent therewith. The stipulation included an agreement the automobile collision was the proximate result of defendant's negligence. The trial court found that, including personal nursing care, plaintiff was entitled to recover more than $8,500 but in the stipulation the total judgment was limited to $8,500.

Under all the foregoing circumstances, we cannot say plaintiff should be precluded from bringing this action by reason of his wife's failure to include medical expenses in her Missouri suit.

The judgment appealed from is affirmed.

APPROVED BY THE COURT.

FONTRON, J., dissenting: Lack of time precludes extended discussion on my part. Nonetheless, I wish to register brief disagreement with the result reached in this case.

The majority concedes that Mrs. Kelley, as well as her husband, could have recovered medical expenses in the Missouri action. The majority also expresses concern that its decision will lead to the impression that this court approves the practice of filing two lawsuits where one would suffice. I agree that such an impression might be the unfortunate aftermath of this decision.

While I can foresee that some extreme circumstances might justify a husband in filing a separate suit for his wife's medical expenses resulting from a tortious act, I perceive no such circumstances in this case. This husband and wife have not been living separately at arm's length. No suspicion exists here that an estranged wife has attempted to defraud or short-change her husband by filing an action secretly omitting, as items of damage, expenses for which the husband is liable.

In the present case Mr. and Mrs. Kelley are dwelling together in amity, in effect constituting a family entity. They originally joined as plantiffs in the present suit to recover medical expenses and continued as co-plaintiffs until the date of trial. No good reason is suggested why Mrs. Kelley might not have amended her petition in the Missouri action to include medical expense, had she been so inclined, or why Mr. Kelley, this plaintiff, might not have intervened in that action, setting up his claim for medical expenses.

In my judgment the claims of both Mr. and Mrs. Kelley for damages arising out of the same accident could and should have been adjudicated in one action. As a matter of public policy multiplicity of litigation should be discouraged.

A majority of the court apparently approves the practice of separate lawsuits by husband and wife under the circumstances shown in this case on the ground that the extent of future medical treatment was uncertain when Mrs. Kelley filed suit in Missouri. It may be remarked, however, that the same uncertainty existed when Mr. and Mrs. Kelley filed this action in Kansas.

Uncertainty as to the extent of personal injury, and the amount of future medical expense which may be incurred, frequently exists both when a damage action is filed and when it is brought to trial. There is nothing to prevent a plaintiff from amending his or her claim for medical expense prior to or at the trial itself. Neither is a plaintiff precluded from establishing future medical expense through the medium of expert medical opinion, and such is a common practice in many lawsuits involving personal injuries. Indeed, if uncertainty with respect to future medical expense is to be recognized as a ground for permitting separate lawsuits by husband and wife it is reasonable to expect actions of this character will proliferate.

For reasons above given, I respectfully dissent.

O'CONNOR, J., joins in the foregoing dissenting opinion.