**ITT SPECIALTY RISK SERVICES,**
**a Delaware corporation,**
**Plaintiff–Appellant,**

v.

**AVIS RENT A CAR SYSTEMS, INC., a Delaware corporation, and Gary Hardesty, Defendants–Appellees.**

**No. 97CA1157.**

Colorado Court of Appeals,
Div. V.

Sept. 17, 1998.

Rehearing Denied Nov. 5, 1998.

Certiorari Denied Sept. 13, 1999.

Walberg & Dagner, P.C., Randall S. Herrick–Stare, Wendelyn K. Walberg, Englewood, Colorado, for Plaintiff–Appellant.

Nathan, Bremer, Dumm & Myers, P.C., Ellis J. Mayer, Denver, Colorado, for Defendant–Appellee Avis Rent A Car Systems, Inc.

Schlueter, Mahoney & Ross, P.C., W. Dan Mahoney, Denver, Colorado, for Defendant–Appellee Gary Hardesty.

Opinion by Judge VOGT.

Plaintiff, ITT Specialty Risk Services (ITT), appeals from the trial court judgments dismissing its claims against defendants, Gary Hardesty and Avis Rent A Car Systems, Inc. (Avis). We affirm in part, reverse in part, and remand for further proceedings.

In July 1993, Hardesty was injured in an automobile accident while traveling as a passenger in a rental car owned by Avis. Hardesty, a California resident, was in Colorado on business at the time of the accident. ITT provided workers' compensation coverage to Hardesty pursuant to California law. Hardesty subsequently settled his tort claim

against the driver who struck him for $25,000.

In April 1995, Hardesty sent notice to Avis of his intention to assert a claim for benefits under Avis's insurance policy.

ITT filed suit against Avis and Hardesty, seeking to recover workers' compensation benefits it had paid to Hardesty. ITT asserted that Avis was obligated to provide primary coverage to Hardesty, and also claimed that California law entitled it to reimbursement out of Hardesty's escrowed settlement funds. Avis moved for summary judgment, claiming that Hardesty's notice to it was late and thus barred recovery.

The trial court entered summary judgment for Avis based on late notice. It also ruled that ITT· was obligated to provide primary coverage to Hardesty, and that, under Colorado law, ITT could not subrogate against Hardesty's settlement proceeds. Thereafter, the court dismissed ITT's claim against Hardesty.

## I.

ITT first contends that the trial court erred in determining that it had an obligation to provide primary coverage to Hardesty. We do not agree.

The parties do not dispute that Avis was required to provide personal injury protection (PIP) benefits pursuant to the Colorado Auto Accident Reparations Act, § 10–4–701, et seq., C.R.S.1998 (No–Fault Act). *See Bukulmez v. Hertz Corp.*, 710 P.2d 1117 (Colo. App.1985), *rev'd in part on other grounds sub nom. Blue Cross v. Bukulmez*, 736 P.2d 834 (Colo.1987). The trial court concluded, however, that Avis's coverage obligation was secondary to that of ITT, both under the terms of the Avis policy and under § 10–4–707(5), C.R.S.1998, which provides that PIP benefits for accident victims are reduced by the amount of workers' compensation benefits available to the victim. *See Tate v. Industrial Claim Appeals Office*, 815 P.2d 15 (Colo.1991).

ITT argues on appeal that, since it provided workers' compensation coverage under California law and since § 10–4–707(5) refers specifically to benefits under the "Workers' Compensation Act of Colorado," the trial court erred in concluding that it had a primary coverage obligation under the statute. It also argues that the Avis policy provision upon which the trial court relied is void as against public policy. We do not · decide whether the trial court's statutory interpretation was correct, because we conclude that the Avis policy unambiguously made its coverage secondary to ITT's, and that the trial court properly found the policy provision to be enforceable.

■ An unambiguous insurance contract must be given effect according to the plain and ordinary meaning of its terms. Although an unambiguous policy provision may be void and unenforceable if it violates public policy by attempting to dilute, condition, or limit statutorily mandated coverage, it is not void as against public policy simply because it· narrows the circumstances under which coverage applies. *Farmers Insurance Exchange v. Chacon*, 939 P.2d 517 (Colo.App. 1997).

■ Whether a provision relating to coverage for persons injured in automobile accidents is void as against public policy may depend on whether its effect is to prevent accident victims from being made whole. *Compare Barnett v. American Family Mutual Insurance Co.*, 843 P.2d 1302 (Colo.1993) (policy clause permitting insurer to reduce its liability for uninsured-underinsured motorist coverage by amount of insured's social security disability benefits violated policy of providing full recovery for accident victims, since benefits were intended to compensate for different losses) *with Blue Cross v. Bukulmez, supra* (medical insurers were entitled to subrogation in amount covered by PIP benefits, since policy behind No–Fault Act does not entitle injured party to double recovery).

■ Here, the Colorado Personal Injury Protection endorsement in the Avis policy provided that "any amount paid under this insurance will be reduced by any amount actually provided by any workers' compensation law." This provision is unambiguous. It makes Avis's PIP coverage secondary to

coverage actually provided by "any" workers' compensation law, not just by Colorado law.

■ Further, the provision is not void as against public policy, as ITT contends. By permitting Avis to reduce its coverage by the amount of workers' compensation coverage actually provided, it does not prevent Hardesty from being made whole for his injuries, but simply provides that Avis will not pay benefits duplicative of those he received from another source. This is no different from the result reached under § 10–4–707(5) in cases involving Colorado workers' compensation benefits. *See Tate v. Industrial Claim Appeals Office, supra.*

Because the Avis policy unambiguously provides that its coverage will be reduced by amounts actually provided by any workers' compensation law, and because ITT does not dispute that it owes coverage to Hardesty under California workers' compensation law and under its own policy, the trial court did not err in ruling that ITT's coverage obligation was primary.

## II.

ITT next argues that the trial court erred in entering summary judgment for Avis based on late notice. We reach this issue notwithstanding our determination that ITT's coverage is primary, because it is unclear from the record whether Hardesty still has any claim against Avis for sums not paid by ITT. We conclude that entry of summary judgment on Avis's late notice defense was error.

We review a summary judgment under the same standards that govern the trial court's determination. Summary judgment is warranted only when there is a clear showing that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. All doubts as to the existence of a triable factual issue must be resolved against the moving party, and the non-moving party is entitled to the benefit of all favorable inferences that may be drawn from the facts. *Churchey v. Adolph Coors Co.,* 759 P.2d 1336 (Colo.1988).

■ Failure to provide timely notice to an insurer of a claim relieves the insurer from liability under the insurance contract unless there is a justifiable excuse or extenuating circumstance explaining the delay. *See Certified Indemnity Co. v. Thun,* 165 Colo. 354, 439 P.2d 28 (1968); *State Farm Fire & Casualty Co. v. Nikitow,* 924 P.2d 1084 (Colo.App. 1995).

■ Whether there is a justifiable excuse for failing to give timely notice is generally a question of fact, although it may be resolved as a matter of law if the facts are undisputed and only one inference can be drawn from them. *See Haller v. Hawkeye Security Insurance Co.,* 936 P.2d 601 (Colo.App.1997); *see also Certified Indemnity Co. v. Thun, supra.*

Here, there was no dispute that Hardesty's notice, sent some 21 months after the accident, was untimely under Avis's policy, which required that the insured or someone on his or her behalf "promptly" provide notice of a claim.

■ However, Hardesty argued in the trial court that his late notice was excused because Avis did not advise him that he had any rights or obligations under the rental contract, to which he was not a party, or under any insurance policy. Nor did it provide him with a copy of its insurance policy. Hardesty also pointed out that because his medical bills were being paid by his workers' compensation carrier, he had no reason to inquire about any possible insurance coverage under Colorado law.

Citing *Graton v. United Security Insurance Co.,* 740 P.2d 533 (Colo.App.1987), the trial court ruled that Hardesty's proffered excuses were insufficient to create a material issue of fact that would preclude summary judgment. In *Graton,* the plaintiff's failure to familiarize herself with the terms of her own policy was held unjustified and thus insufficient as a matter of law to excuse her four and one-half year delay in giving notice. Here, by contrast, Hardesty was not a party to the rental contract or the Avis policy and did not see the Avis policy until Avis produced it during the litigation.

We conclude that, under the circumstances presented here, it cannot be said that Har-

desty's excuses for his late notice were insufficient as a matter of law. Accordingly, Avis was not entitled to summary judgment on this issue. On remand, if Hardesty has a claim against Avis for benefits not paid by ITT, the trier of fact must determine whether his late notice is excused.

### III.

Finally, ITT argues that the trial court erred in applying Colorado law rather than California law to determine whether ITT had a right to be reimbursed for its workers' compensation payments out of Hardesty's $25,000 settlement with the tortfeasor. We agree.

■ In resolving choice of law issues, Colorado follows the "most significant relationship" approach of the Restatement (Second) of Conflict of Laws (1971) (Restatement) for both tort and contract actions. *See First National Bank v. Rostek*, 182 Colo. 437, 514 P.2d 314 (1973) (torts); *Wood Bros. Homes, Inc. v. Walker Adjustment Bureau*, 198 Colo. 444, 601 P.2d 1369 (1979) (contracts).

For both types of actions, courts are to evaluate various contacts (*e.g.*, place of contracting or of injury; residence of the parties) in deciding which state has the most significant relationship to the occurrence or transaction and to the parties under the principles stated in Restatement § 6. *See* Restatement §§ 145 and 188. Restatement § 6, in turn, lists factors relevant to the choice of law inquiry generally, including the policies of the interested states, the needs of the interstate and international systems, and the like.

■ The trial court ruled that, under the Restatement § 145 tort analysis, Colorado law should apply because the accident occurred in Colorado and involved two Colorado vehicles; the Avis vehicle was insured under a Colorado insurance policy; Hardesty was in Colorado for his employer's benefit; the lawsuit had been filed in Colorado; and the proceeds at issue resulted from a settlement with a Colorado defendant who possessed a Colorado-issued insurance policy. Further, the court concluded that application of California law would contravene the Colorado policy of ensuring full compensation for victims of automobile accidents.

In our view, the trial court's analysis took into account Colorado contacts that, while they were relevant to the case as a whole, had little bearing on the narrow issue of whether ITT, a California workers' compensation insurer, was entitled to reimbursement out of the proceeds of a settlement entered into by the California employee to whom it had paid benefits. The choice of law determination as to this issue is not necessarily identical to the determination of whose law applies to other issues in the case. *See Brown v. Globe Union*, 694 F.Supp. 795 (D.Colo.1988)(applying Kansas law to subrogation claim even though other issues in case were decided under Colorado law).

Applying the Restatement factors to the specific issue of ITT's right to reimbursement out of Hardesty's settlement proceeds, we conclude that California law should govern the resolution of this issue. Restatement § 145 mandates consideration of such factors as the place where the injury occurred, the residence of the parties, and the place where the parties' relationship is centered. Here, although the accident occurred in Colorado, both ITT and Hardesty are California residents and the relationship between them is centered in California. The Colorado tortfeasor and his insurance carrier no longer have any interest in the settlement proceeds, which were paid into the court registry. Further, the fact that Avis had a policy issued in Colorado and was required by Colorado law to provide PIP benefits does not bear directly on the reimbursement issue. *See Shon v. Subaru of America*, 753 P.2d 793 (Colo.App.1988)(PIP insurer's right to be reimbursed out of insured's settlement proceeds was governed by Colorado law even though victim received PIP benefits pursuant to Pennsylvania law).

Application of California law to this issue is further supported by another section of the Restatement, § 185, which specifically addresses the question presented here. Section 185 states:

> The local law of the state under whose workmen's compensation statute an em-

**48**

ployee has received an award for an injury determines what interest the person who paid the award has in any recovery for tort or wrongful death that the employee may obtain against a third person on account of the same injury.

In *Brown v. Globe Union, supra,* the court concluded that, notwithstanding Colorado's various contacts with the controversy, Restatement § 185 supported application of Kansas law to a subrogation claim against settlement proceeds received by a Colorado resident who had been paid workers' compensation benefits under Kansas law. The court discussed the rationale underlying Restatement § 185 and concluded that, in a dispute over subrogation rights, there were "strong reasons for applying the law of the state whose workers' compensation law was invoked by the employee-claimant to recover workers' compensation benefits." *Brown v. Globe Union, supra,* 694 F.Supp. at 798. The supreme court quoted this language from *Brown* with approval when it addressed a related issue in *Eckhardt v. Village Inn,* 826 P.2d 855 (Colo.1992).

Under the analysis in *Brown* and Restatement § 185, which we find persuasive, California law should govern the determination of ITT's right to reimbursement because the workers' compensation benefits it paid to Hardesty were paid under California law.

Further, we do not agree that application of California law would be contrary to Colorado public policy. While a primary purpose of the No–Fault Act is to avoid inadequate compensation to victims of automobile accidents, *see* § 10–4–702, C.R.S.1998, the need to vindicate that policy is less compelling in cases involving compensation for a non-Colorado-resident accident victim. Moreover, in determining choice of law issues, courts are to consider not only the policies of the forum, but also the relevant policies of other interested states. Restatement § 6(2)(c). California public policy favors reimbursing parties who have made payments under its workers' compensation law when an employee settles with a third party. *See Fuchs v. Western Oil Fields Supply,* 25 Cal.App.3d

728, 102 Cal.Rptr. 74 (1972); Cal. Lab.Code § 3860(b) (West 1989).

We thus conclude that California has a more substantial relationship than Colorado to the dispute between ITT and Hardesty over Hardesty's settlement proceeds, and that application of California law to this issue would not be contrary to Colorado public policy. Accordingly, on remand, the trial court should apply California law in determining ITT's right to such proceeds.

The trial court judgment is affirmed to the extent it holds that ITT is primarily responsible for providing insurance coverage for Hardesty. The judgment is reversed to the extent it determines that late notice bars claims against Avis and that Colorado law governs ITT's entitlement to Hardesty's settlement proceeds, and the cause is remanded for further proceedings on these issues consistent with this opinion.

Chief Judge HUME and Justice ERICKSON * concur.