**Kort HAWKS, Plaintiff–Appellant,**

v.

**AGRI SALES, INC., sometimes d/b/a Moorman Manufacturing Co., sometimes d/b/a A.S.I., sometimes d/b/a Front Range Bean Co., Defendant–Appellee.**

No. 00CA2045.

Colorado Court of Appeals, Div. IV.

Nov. 23, 2001.

Arnold Ross and Singer, LLP, Michael K. Singer, Sterling, CO, for Plaintiff–Appellant.

Hall & Evans L.L.C., Bruce A. Menk, Alan Epstein, Denver, CO, for Defendant–Appellee.

Opinion by Judge DAVIDSON.

Plaintiff, Kort Hawks, appeals from the judgment dismissing his personal injury action against defendant, Agri Sales, Inc., as not filed within a limitation period established by Kansas law. We reverse and remand.

Plaintiff, a resident of Kansas, was injured in Colorado on August 15, 1997, while working on defendant's premises for his Kansas employer. Plaintiff received workers' compensation benefits from his employer in Kansas under the Kansas workers' compensation scheme.

On August 11, 1999, plaintiff filed this tort action against defendant in Colorado. Plaintiff's employer was not named as a party and did not intervene. Shortly before trial, defendant moved for summary judgment, arguing that, under Kansas law, because plaintiff had not filed his suit within one year from the date of his injury, plaintiff's employer was the real party in interest.

Defendant relied on Kan. Stat. Ann. § 44–504 (2000), which states, as applicable here:

(b) In the event of recovery from such other person by the injured worker ... by judgment, settlement or otherwise, the employer shall be subrogated to the extent of the compensation and medical aid provided by the employer to the date of such recovery.... Such action against the other party, if prosecuted by the worker, must be instituted within one year from the date of the injury....

(c) Failure on the part of the injured worker ... to bring such action within the time specified by this section, shall operate as an assignment to the employer of any cause of action in tort ... and such employer may enforce the cause of action in the employer's name or in the name of the worker ... for their benefit as their interest may appear....

In contrast, under Colorado law, despite acceptance of workers' compensation benefits, a plaintiff remains entitled to bring a claim against a third party for damages in excess of those benefits, as long as the action is brought within the two-year statute of limitations for tort claims. *See* §§ 8–41–203, 13–80–102, C.R.S.2001.

The trial court applied Kansas law, granted defendant's motion, and dismissed plaintiff's complaint.

On appeal, plaintiff argues that the trial court erred by applying Kansas law to bar his suit against defendant. We agree.

■ In resolving choice of law issues in tort actions, Colorado follows the "most significant relationship" approach of the Restatement (Second) of Conflict of Laws (1971). In applying the most significant relationship test, courts are to evaluate the various contacts, such as the place where the injury occurred, the residence of the parties, and the place where the parties' relationship is centered, as well as the policies of the interested states. *See First National Bank v. Rostek,* 182 Colo. 437, 514 P.2d 314 (1973); *ITT Specialty Risk Services v. Avis Rent A Car Sys. Inc.,* 985 P.2d 43 (Colo.App.1998); *Sabell v. Pacific Intermountain Express Co.,* 36 Colo.App. 60, 536 P.2d 1160 (1975).

Here, plaintiff is a resident of Kansas. However, the injury occurred in Colorado, and although plaintiff's employer is a resident of Kansas, defendant is a resident of Colorado. Thus, as to plaintiff's tort claim against defendant, Colorado has the most significant relationship.

■ However, as defendant points out, the particular state law selected by a court under choice of law principles may vary depending upon the precise question at issue. *See, e.g., ITT Specialty Risk Services v. Avis Rent A Car Sys. Inc., supra.* Defendant argues that the specific issue it has raised here—whether plaintiff is a real party in interest—is determined by the applicable workers' compensation scheme. Hence, according to defendant, the precise question here is one of workers' compensation.

Accordingly, relying on the Restatement (Second) of Conflict of Laws § 185 (1971), defendant argues that, because plaintiff received workers' compensation benefits in Kansas, Kansas law governs the workers' compensation relationship. Thus, according to defendant, the trial court correctly applied § 44–504(b) to bar plaintiff's suit. We disagree.

Restatement § 185 provides:

The local law of the state under whose workmen's compensation statute an employee has received an award for an injury determines what interest the person who paid the award has in any recovery for tort

or wrongful death that the employee may obtain against a third person on account of the same injury.

By its plain language, Restatement § 185 recommends that local workers' compensation law be used to determine the interest of "the person who paid the [workers' compensation] award." Indeed, although defendant is correct that Restatement § 185 has been applied in Colorado, it has been used only in the context of disputes involving the reimbursement rights of an insurer or employer. *See Brown v. Globe Union,* 694 F.Supp. 795 (D.Colo.1988)(applying § 185 to subrogation claim to support same outcome reached under significant relationship test); *ITT Specialty Risk Services v. Avis Rent A Car Sys. Inc., supra* (same).

The majority of jurisdictions that have applied Restatement § 185 also have done so in the context of disputes involving the rights or interests of the employer or workers' compensation insurer. *See, e.g., Langston v. Hayden,* 886 S.W.2d 82 (Mo.Ct.App.1994)(applying Kansas law in Missouri to determine rights of the employer to bring suit on behalf of injured worker). *See also Boyle v. Texasgulf Aviation, Inc.,* 696 F.Supp. 951 (S.D.N.Y.1988)(recognizing distinction between choice of law analysis for tort and subrogation claims).

Plaintiff's tort action against defendant here, however, does not involve plaintiff's employer, and the employer's interest, at this point, is irrelevant to plaintiff's claims and defendant's liability. Thus, although § 185 might be useful in determining whether a Kansas employer who has paid workers' compensation benefits could independently bring suit against an alleged tortfeasor in Colorado, it has no applicability to the situation here.

■ Defendant argues that, nonetheless, Kansas has a strong interest in barring plaintiff's suit under these circumstances, which interest, in defendant's view, outweighs the parties' other contacts with Colorado. We disagree.

■ We do agree, generally, that Kansas has a significant interest in the application of its workers' compensation program. *See,*

*e.g., Brown v. Globe Union, supra.* However, according to Kansas law, the specific purpose of § 44–504 is not to limit an employee's ability to recover against a third party, but instead to benefit the entity that provided workers' compensation benefits. *See Terrell v. Ready Mixed Concrete Co.,* 174 Kan. 633, 258 P.2d 275 (1953). Similar to the Colorado workers' compensation scheme, Kansas provides to an employer an additional opportunity to obtain reimbursement by giving the employer an independent right to sue. *See Rumbaugh v. Vonfeldt,* 190 Kan. 798, 378 P.2d 5, 9 (1963)(Section 44–504 was not intended to shorten the two-year period in which an action must be brought, nor to benefit an alleged tortfeasor. "Nor is the statutory assignment complete and in destruction of the rights of the employee," but is intended to give the employer or insurer a cause of action it did not otherwise possess under common law.).

■ Accordingly, Kansas does not consider an employee's failure to meet the one-year requirement of § 44–504(b) to constitute an absolute bar to suit. *See Baird v. Phillips Petroleum Co.,* 535 F.Supp. 1371 (D.Kan.1982)(allowing retroactive amendment of complaint to reflect interests of employer and insured); *Rumbaugh v. Vonfeldt, supra* (statutory assignment of rights to the subrogee after one year does not deprive the employee of his rights, but the cause of action should be also in the name of the employer); *see also Houk v. Arrow Drilling Co.,* 201 Kan. 81, 439 P.2d 146 (1968); *Klein v. Wells,* 194 Kan. 528, 400 P.2d 1002 (1965); *Sundgren v. Topeka Transportation Co.,* 178 Kan. 83, 283 P.2d 444 (1955). *See generally* 7 *Larson's Workers' Compensation Law* § 120.04[2–5] (2001)(discussion of purpose of statutory assignment of employee's claim to benefit employer, not tortfeasor).

Although we agree with defendant that in *McLendon v. Kissick,* 363 Mo. 264, 250 S.W.2d 489 (1952), the Missouri court construed Kansas law to bar a plaintiff's claim after one year, in light of the subsequent decisions of the Kansas Supreme Court on this issue, we disagree that *McLendon v. Kissick* remains viable as an accurate interpretation of Kansas law. *See, e.g., Rum-*

*baugh v. Vonfeldt, supra; see also Baird v. Phillips Petroleum Co., supra* (discussing Kansas law).

Thus, contrary to defendant's contention, Kansas has demonstrated no policy interest in barring a tort action such as plaintiff's suit here. Furthermore, because plaintiff's employer has not brought a subrogation claim or intervened in plaintiff's action within the applicable two years, plaintiff's Colorado tort claim against defendant, if successful, would give plaintiff's employer its only opportunity to recover the amount of workers' compensation benefits it has paid. Ironically then, the trial court's dismissal of plaintiff's complaint was actually inconsistent with Kansas's statutory goal to enable an employer to recover on its workers' compensation subrogation lien.

The judgment is reversed, and the case is remanded to the trial court to reinstate plaintiff's complaint.

RULAND and DAILEY, JJ., concur.