No. 48,686

BRITT BROWN, *Appellant,* v. PATRICIA L. KEILL, *Appellee.*

(580 P.2d 867)

Opinion filed June 6, 1978.

*Donald W. Vasos,* of Kansas City, argued the cause, and *George D. McCarthy,* of Wichita, was on the brief for the appellant.

*Otto J. Koerner* and *Randall Elam,* both of Koerner and Elam, of Wichita, argued the cause and were on the brief for the appellee.

*Edward M. Boyle,* of Olatne, was on the brief for the Kansas Association of Defense Counsel, *Amicus Curiae.*

*Donald W. Vasos,* of Kansas City, and *Jerry R. Palmer,* of Topeka, were on the briefs for the Kansas Trial Lawyers Association, *Amicus Curiae.*

The opinion of the court was delivered by

FROMME, J.: This appeal is from a judgment for damage to plaintiff's automobile resulting from a two car collision. The primary issues raised on appeal require a construction of the provisions of K.S.A. 60-258a, commonly referred to as the Kansas comparative negligence statute.

The plaintiff-appellant, Britt Brown, owned a Jaguar roadster. His son, Britt M. Brown, was the permissive driver of appellant's Jaguar at the time of the collision. For clarity we will refer to Britt Brown as the father and to Britt M. Brown as the son. The defendant-appellee, Patricia L. Keill, was the driver of the other car involved in the collision. The collision occurred at a street intersection in Wichita. The reasonable cost of repair to the Jaguar amounted to $5,423.00. The circumstances surrounding the collision need not be detailed. Apparently the defendant-appellee settled her claim against the driver of the Jaguar out of court. The owner of the Jaguar then sued to recover his property loss. Defendant-appellee did not seek to have the son joined as an additional formal party to the action. She did not file a counterclaim or cross-claim.

In answer to the father's claim the defendant admitted driving one of the cars involved in the collision but alleged that 90% of the causal negligence was attributable to the driver of the Jaguar and only 10% of the causal negligence was attributable to her. Defendant further alleged that since the causal negligence of the driver of the Jaguar exceeded 50% and defendant's causal negligence was less than the driver of the Jaguar that plaintiff should not be permitted to recover under the comparative negligence laws of this state.

At the close of a bench trial the court found: (1) The plaintiff-father, as bailor of the Jaguar, was guilty of no negligence; (2) the driver of the Jaguar was responsible for 90% of the causal negligence; (3) the defendant, Keill, was responsible for 10% of the causal negligence; (4) plaintiff sustained total damages in the amount of $5,423.00; and (5) pursuant to the comparative negli-

gence statute of Kansas plaintiff was entitled to recover $542.30 or 10% of his total damage from the defendant, Keill. Judgment was entered for that amount and this appeal followed.

At the outset it should be noted that in the absence of evidence of a joint venture, agency or circumstances giving rise to vicarious liability, the negligence of a bailee of a vehicle is not imputable to the bailor in an action by the bailor against a third party for damage to the bailed vehicle. See *Hartley v. Fisher,* 1 Kan. App. 2d 362, 566 P.2d 18 (1977), and authorities cited therein. The parties concede this is the law. The plaintiff in this case accordingly was guilty of no contributory negligence.

Although stated by the appellant in a somewhat different fashion the two ultimate questions to be decided on appeal are: (1) Has the rule of joint and several liability of joint tort-feasors been retained in actions now governed by the Kansas comparative negligence statute, K.S.A. 60-258a; and (2) is the causal negligence or fault of all parties to a collision or occurrence giving rise to plaintiff's claim in a comparative negligence action to be considered even though one of said parties is not served with process or joined as a formal party to the action?

We will consider first the question as to joint and several liability.

K.S.A. 60-258a has two purposes expressed in the title of the act as passed by the legislature. The first purpose is the abolition of contributory negligence as a bar to recovery. The second purpose is to provide for the awarding of damages on the basis of comparative negligence. (Laws of Kansas, 1974, Ch. 239, *infra.*)

Before considering the statute it might be well to review some of our rules relating to the liability of joint tort-feasors under our prior case law. In *Alseike v. Miller,* 196 Kan. 547, 412 P.2d 1007 (1966), it is stated that Kansas adheres to the common law rule that there is no right of contribution between *joint tort-feasors.* Where no right of contribution exists as between joint tort-feasors, a defendant has no right under the provisions of K.S.A. 60-214(*a*) to bring in to plaintiff's cause of action a joint tort-feasor who was not originally made a party to the action by the plaintiff.

However, K.S.A. 60-2413(*b*) provides:

"A right of contribution or indemnity *among judgment debtors,* arising out of the payment of the judgment by one or more of them, may be enforced by

execution against the property of the judgment debtor from whom contribution or indemnity is sought." (Emphasis supplied.)

In *McKinney, Administrator v. Miller,* 204 Kan. 436, 464 P.2d 276 (1970), it was held, when a joint judgment is entered in an action founded upon tort, contribution between the joint judgment debtors is authorized by K.S.A. 60-2413(*b*). In *McKinney, Administrator v. Miller,* supra, this court cited the case of *Fort Scott v. Railroad Co.,* 66 Kan. 610, 72 Pac. 238 (1903), with approval. In *Fort Scott* an action was brought by one joint judgment debtor against the other joint judgment debtor. The judgment had been entered in a prior tort action brought against the two joint tort-feasors. The plaintiff in the *Fort Scott* action had previously paid the entire joint judgment entered against the tort-feasors. A judgment for one-half the amount paid was recovered from the other joint judgment debtor.

Therefore, under the Kansas law as it existed prior to statutory comparative negligence a plaintiff could choose his tort-feasor and a defendant had no right to bring in another joint tort-feasor to plaintiff's action. However, if plaintiff sued and recovered a judgment against two tort-feasors plaintiff could proceed to collect the judgment from either judgment debtor. When one judgment debtor had satisfied the entire judgment he could then recover one-half of the amount paid from the other judgment debtor. The effect of these prior holdings was to make each defendant jointly and severally liable for all of plaintiff's damage regardless of whether others contributed to cause such injuries. The right of contribution between judgment debtors in such case was on a fifty-fifty basis. Plaintiff controlled his own lawsuit and could collect a judgment from any judgment debtor he chose. The inability of any judgment debtor to pay his half of the judgment would concern only the judgment debtor who satisfied the judgment and then sought contribution.

Although the rule is so well known it hardly needs repeating, it might be well to note that under our prior law the contributory negligence of a plaintiff with few exceptions was a complete bar to plaintiff's recovery when pleaded and proved by the defendant. (*Stephens v. McGuire,* 184 Kan. 46, 334 P.2d 363 [1959].)

In 1974 the Kansas legislature passed House Bill No. 1784, Laws of Kansas 1974, Ch. 239, pp. 828-829 (now K.S.A. 60-258a), which reads as follows:

"An Act concerning tort liability; abolishing contributory negligence as a bar to recovery; and providing for the awarding of damages on the basis of comparative negligence.

"*Be it enacted by the Legislature of the State of Kansas:*

"Section 1.  (*a*)  The contributory negligence of any party in a civil action shall not bar such party or his legal representative from recovering damages for negligence resulting in death, personal injury or property damage, if such party's negligence was less than the causal negligence of the party or parties against whom claim for recovery is made, but the award of damages to any party in such action shall be diminished in proportion to the amount of negligence attributed to such party. If any such party is claiming damages for a decedent's wrongful death, the negligence of the decedent, if any, shall be imputed to such party.

"(*b*)  Where the comparative negligence of the parties in any such action is an issue, the jury shall return special verdicts, or in the absence of a jury, the court shall make special findings, determining the percentage of negligence attributable to each of the parties, and determining the total amount of damages sustained by each of the claimants, and the entry of judgment shall be made by the court. No general verdict shall be returned by the jury.

"(*c*)  On motion of any party against whom a claim is asserted for negligence resulting in death, personal injury or property damage, any other person whose causal negligence is claimed to have contributed to such death, personal injury or property damage shall be joined as an additional party to the action.

"(*d*)  Where the comparative negligence of the parties in any action is an issue and recovery is allowed against more than one party, each such party shall be liable for that portion of the total dollar amount awarded as damages to any claimant in the proportion that the amount of his causal negligence bears to the amount of the causal negligence attributed to all parties against whom such recovery is allowed.

"Sec. 2.  The provisions of this act shall not apply to any cause of action which has accrued prior to the effective date of this act."

This statute is more detailed than most comparative negligence statutes in other states and after reviewing the court decisions in other states we find they are of limited assistance. Although some subsections of the Kansas statute have direct counterparts in other states, no other state has the exact combination of provisions as does Kansas. So far as our research has disclosed no state has the provision for joining additional parties on motion of any party against whom a claim is asserted for negligence. See subsection (*c*).

Both parties assert there are ambiguities in the comparative negligence statute, K.S.A. 60-258a, as passed by the Kansas legislature. We agree. Therefore, it becomes necessary to consider and apply rules of statutory construction. The fundamental rule of statutory construction, to which all others are subordinate, is that

the purpose and intent of the legislature governs when that intent can be ascertained from the statute, even though words, phrases or clauses at some place in the statute must be omitted or inserted. (*Farm & City Ins. Co. v. American Standard Ins. Co.,* 220 Kan. 325, Syl. ¶ 3, 552 P.2d 1363 [1976].) In determining legislative intent, courts are not limited to a mere consideration of the language used, but look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished and the effect the statute may have under the various constructions suggested. (*State, ex rel., v. City of Overland Park,* 215 Kan. 700, Syl. ¶ 10, 527 P.2d 1340 [1974].) In order to ascertain the legislative intent, courts are not permitted to consider only a certain isolated part or parts of an act but are required to consider and construe together all parts thereof *in pari materia.* When the interpretation of some one section of an act according to the exact and literal import of its words would contravene the manifest purpose of the legislature, the entire act should be construed according to its spirit and reason, disregarding so far as may be necessary the literal import of words or phrases which conflict with the manifest purpose of the legislature. (*Kansas Commission on Civil Rights v. Howard,* 218 Kan. 248, Syl. ¶ 2, 544 P.2d 791 [1975].)

Before attempting to resolve some of the ambiguities in the statute we wish to acknowledge the assistance afforded not only by the briefs of appellant and appellee but also by the briefs filed on behalf of the Kansas Trial Lawyers Association and the Kansas Association of Defense Counsel, as friends of this court.

The appellant contends that the trial court erroneously ignored the principle of joint and several liability in entering judgment for only 10% of the total damages. He suggests that since K.S.A. 60-258a does not mention joint and several liability this court should construe the statute to retain joint and several liability, and adopt a rule of comparative contribution that would permit the joint judgment debtors to apportion damages on the basis of their relative fault. Under such a construction of the statute if plaintiff suffered damages in the amount of $5,423.00, as in this case, he could sue and recover said sum from either defendant regardless of such defendant's percentage of fault. In such case if the defendant against whom recovery was had was 10% at fault and the other defendant was 90% at fault, the plaintiff could

collect the $5,423.00 from the defendant 10% at fault and such defendant would then have a right of contribution against the other joint tort-feasor for 90/100 x $5,423.00 or $4,880.70, based on proportion of fault.

The substance of defendant-appellee's argument in support of the present judgment is that the legislature by adopting subsection (*a*) as well as subsection (*d*) of the statute meant to equate both the amount to be recovered by plaintiff and the liability of a defendant with the individual's degree of fault in all cases where the plaintiff's negligence was less than the fault of all other parties to the collision or occurrence. If this were the intention of the legislature it would of necessity require this court to hold our prior rules as to joint and several liability had been abolished by the legislature in comparative negligence cases.

However, if such were the intent of the legislature the wording of the statute referring to *all parties against whom claim for recovery is made or allowed* can not be interpreted to mean parties to the action in the sense that jurisdiction of the court must attach by reason of service of process. Such references in the statute would have to be construed to mean those parties whose fault contributed to the collision or occurrence and against whom claim for recovery might have been possible in the absence of such limitations as covenants not to sue, immunity or inability to obtain service of process.

In the Report on Kansas Legislative Interim Studies submitted to the 1974 Kansas Legislature, Proposal No. 84—Civil Procedure, it appears that the committee which considered K.S.A. 60-258a did not intend to authorize contribution between joint tort-feasors. The report in part states:

"However, the Committee is of the opinion that no recovery should be allowed when the parties are equally at fault. Such could happen under the 50% rule as written in SB 146. Thus, the Committee has prepared an amendment to SB 146 to provide that the plaintiff may recover only if his negligence is less than that of the defendant's (49% rule). In addition, the Committee has prepared an amendment to strike from the title of the bill the following language: '. . . and authorizing contribution among joint tort-feasors.' *As the bill is written, the title is incorrect inasmuch as the bill does not provide for the right of contribution. . . .*" (Emphasis supplied.)

The interpretive problem facing this court is not one of determining sound public policy as suggested by appellant. The problem is rather the construction of the statute to carry into effect the legislative intention, whatever that might be.

When the act was initially passed by the legislature those who examined the act and prepared articles for publication generally agreed that the effect and purpose of K.S.A. 60-258a (*d*) was to abandon the prior concept of joint and several liability in negligence cases where the fault of two or more parties contributed to plaintiff's injuries or damage.

James F. Davis concluded:

". . . It appears from the language of these two provisions [referring to subsection (*c*) and subsection (*d*)] that the legislature has abrogated the traditional tort concept of joint and several liability. . . ." (Davis, Comparative Negligence—A Look at the New Kansas Statute, 23 Kan. Law Rev. 113, 123 [1974].)

### Henry Woods concluded:

". . . The Kansas statute does not adopt a rule of contribution. It resolves the problem by limiting the percentage of the total damages recoverable from one joint tortfeasor to the percentage of *casual* negligence attributable to him. This apparently abolishes joint and several liability in comparative negligence cases." (Woods, The New Kansas Comparative Negligence Act—An Idea Whose Time Has Come, 14 Washburn Law Journal 1, 13 [1975].)

### Victor E. Schwartz concluded:

". . . Put more succinctly, that clause [referring to subsection (*d*)] would appear to abolish the concept of joint and several liability which was established in the law of Kansas prior to the enactment of the comparative negligence law." (Schwartz, Comparative Negligence in Kansas—Legal Issues and Probable Answers, 13 Washburn Law Journal 397, 416 [1974].)

Professor William A. Kelly apparently concluded that the act abolishes joint and several liability. (Kelly, Comparative Negligence—Kansas, 43 J.B.A.K. 151, 188-189 [1974].)

James M. Concannon, Associate Professor of Law, Washburn University, author of the comments in Vernon's Kansas Statutes Annotated, K.S.A. 60-258a, comes to a similar conclusion. (3 Vernon's Kan. Stat. Ann. [Concannon], Code of Civil Procedure, 1977 Pocket Parts, p. 87.)

Two judges of the United States District Court for Kansas have previously had occasion to examine the provisions of K.S.A. 60-258a. See *Beach v. M & N Modern Hydraulic Press Co.,* 428 F. Supp. 956 (1977); *Greenwood v. McDonough Power Equipment, Inc.,* 437 F. Supp. 707 (1977); and *Nagunst v. Western Union Telegraph Co.,* 76 F.R.D. 631 (1977). Several different interpretations of the act resulted in those decisions but both judges

indicate that the comparative negligence statute changed the Kansas concept of joint and several liability.

The Kansas District Judges Association Committee on Pattern Jury Instructions in its comments which appear after PIK 2d, Civil, 20.01, p. 121, concludes that section (*d*) abolishes joint and several liability of multiple defendants in comparative negligence cases. The committee points out that such a construction is consistent with the last phrase of the title of the statute which describes the act as providing for the awarding of damages on the basis of comparative negligence.

None of the above mentioned opinions, cases or comments are binding upon this court; however, they do reinforce the decision which this court has reached after construing the various sections of the statute in the light of what we perceive to be the legislative intent.

The perceived purpose in adopting K.S.A. 60-258a is fairly clear. The legislature intended to equate recovery and duty to pay to degree of fault. Of necessity, this involved a change of both the doctrine of contributory negligence and of joint and several liability. There is nothing inherently fair about a defendant who is 10% at fault paying 100% of the loss, and there is no social policy that should compel defendants to pay more than their fair share of the loss. Plaintiffs now take the parties as they find them. If one of the parties at fault happens to be a spouse or a governmental agency and if by reason of some competing social policy the plaintiff cannot receive payment for his injuries from the spouse or agency, there is no compelling social policy which requires the codefendant to pay more than his fair share of the loss. The same is true if one of the defendants is wealthy and the other is not. Previously, when the plaintiff had to be totally without negligence to recover and the defendants had to be merely negligent to incur an obligation to pay, an argument could be made which justified putting the burden of seeking contribution on the defendants. Such an argument is no longer compelling because of the purpose and intent behind the adoption of the comparative negligence statute.

It appears more reasonable for the legislature to have intended to relate duty to pay to the degree of fault. Any other interpretation of K.S.A. 60-258a (*d*) destroys the fundamental conceptual basis for the abandonment of the contributory negligence rule

and makes meaningless the enactment of subsection (*d*). If it were not the intention of the legislature to abolish joint and several liability by adopting subsection (*d*) that subsection would have little or no purpose, because the first two sections of the statute standing alone could have accomplished the legislative purpose urged by the appellant.

Numerous examples of unfairness have been cited by both parties in this case to support their respective positions. The law governing tort liability will never be a panacea. There have been occasions in the past when the bar of contributory negligence and the concept of joint and several liability resulted in inequities. There will continue to be occasions under the present comparative negligence statute where unfairness will result. Having considered the arguments in light of the statute, we hold under the provisions of K.S.A. 60-258a the concept of joint and several liability between joint tort-feasors previously existing in this state no longer applies in comparative negligence actions. The individual liability of each defendant for payment of damages will be based on proportionate fault, and contribution among joint judgment debtors is no longer required in such cases.

We turn now to the second question raised in this appeal. Is the causal negligence or fault of all parties to a collision or occurrence giving rise to plaintiff's claim in a comparative negligence action to be considered even though one or more of said parties is not served with process or joined as a formal party to the action?

The appellant points out that, while subsection (*c*) of the statute permits "any party against whom a claim is asserted" to bring in another person on motion, there is nothing in the statute which specifically requires the plaintiff to bring his action or file a claim against any particular person or group of persons. Appellant further notes that under subsection (*d*) the causal negligence or fault of all parties "against whom such recovery is allowed" is to be proportioned. Nowhere in the act does it state that persons who are not parties to the action are to have any impact on the ultimate judgment to be entered. Therefore, appellant asserts it is incumbent upon a defendant to join such additional parties as he may deem necessary or advisable to determine their fault.

Appellee, on the other hand, points to subsection (*d*) of the statute and says the comparative negligence of all parties whose fault contributed to the collision or occurrence must be deter-

mined if "each such party shall be liable for that portion of the total dollar amount awarded as damages to any claimant in the proportion that the amount of his causal negligence bears to the amount of the causal negligence attributed to all parties against whom such recovery is allowed." In addition appellee contends that subsection (c) of the statute must be construed as permissive for it is impossible and fruitless in many cases for a defendant to attempt to join and bring into the action those who have settled out under a covenant not to sue and whose liability for damages no longer exists. Other instances are cited where no recovery by plaintiff may be obtained against a party who is or may be at fault, such as cases of interspousal immunity and where there is an absence of information as to the name or whereabouts of a party to the occurrence.

In examining K.S.A. 60-258a we note that subsection (a) is concerned with changing our prior rule which denied recovery to a claimant whose negligence contributed to cause the collision or occurrence. It provides that a party's negligence shall not be a bar if such negligence was less than the causal negligence of the party or parties against whom claim for recovery is made. It further provides the award of damages to such party shall be diminished in proportion to the amount of negligence attributed to such party. This section, as well as other sections of the statute, speaks in terms of parties in or to the action rather than plaintiffs and defendants. We note, however, this wording in the statute can be construed as a means of accommodating cases in which both claims and counterclaims are filed as a result of one collision or occurrence, rather than to imply it relates to parties to the occurrence. The position taken by plaintiff in this action has support because of the use of the phrases "party or parties against whom claim for recovery is made" in subsection (a), and "all parties against whom such recovery is allowed" in subsection (d).

Before answering the ultimate question being considered, several preliminary questions bearing on multiple party cases should be examined. In the present case the court found the owner of the Jaguar guilty of no negligence. Is comparative negligence "an issue" under subsection (d) if plaintiff's fault is submitted to the trier of fact and it is found that plaintiff was not at fault? In such case the damages suffered by plaintiff would not be diminished under subsection (a). However, subsection (d) requires only that

the comparative negligence "of the parties" be an issue, not that the comparative negligence "of the claimant" be an issue. As previously concluded proportionate liability based on fault is an independent aim of the statute. Since that is a purpose of the statute, the plaintiff's award is diminished in proportion to his fault, and the individual liability of others for damages should be based on their proportionate fault. We conclude that comparative negligence may be "an issue" under subsection (d) if plaintiff's fault is submitted for decision even though plaintiff is found not to be at fault.

The answer to another preliminary question appears necessary in considering our ultimate question. May the plaintiff avoid proportionate liability by suing and making a claim against only one of several tort-feasors? Presumably subsection (c) permits a defendant to file a motion and join other tort-feasors. However, plaintiff may have settled with that tort-feasor and no liability exists when the action is filed. The statute is silent as to what position the added party occupies once that party is joined. It is doubtful if the plaintiff in such a case can be forced to make a claim against the added party. The legislative intent in including subsection (c) would appear to have been to change the rule applied in *Alseike v. Miller,* supra, and to permit a defendant in a comparative negligence case to bring in other joint tort-feasors so their percentage of fault can be determined and their liability, if any, adjudged.

The next preliminary question that presents itself is—will proportionate liability be defeated when a party joined under subsection (c) has a valid defense such as interspousal immunity, covenant not to sue and so forth? The added party in such case would not be a party "against whom such recovery is allowed" and if subsection (d) is taken literally such a party's percentage of fault should not be considered in determining the judgment to be rendered. It appears after considering the intent and purposes of the entire statute that such a party's fault should be considered in each case to determine the other defendant's percentage of fault and liability, if any. The proportionate liability of the other parties to the action under K.S.A. 60-258a (d) should not be increased merely because a party joined under subsection (c) has a valid defense to plaintiff's claim, other than lack of negligence.

Now we return to the ultimate question—should the percentage

of fault of one who is not or cannot be formally joined as a party under subsection (c) be considered under subsection (d) to arrive at the proportionate liability of the defendant or defendants?

After having answered the preliminary questions and having applied the rules of statutory construction previously set forth in this opinion we conclude the intent and purpose of the legislature in adopting K.S.A. 60-258a was to impose individual liability for damages based on the proportionate fault of all parties to the occurrence which gave rise to the injuries and damages even though one or more parties cannot be joined formally as a litigant or be held legally responsible for his or her proportionate fault.

One final question must be answered in this case. Was the answer filed by the defendant and the evidence introduced thereon sufficient to obtain the determination of the percentage of fault attributable to the nonparty?

The defendant Keill in her answer alleged that the son who drove the Jaguar was a party whose negligence or fault contributed to cause the collision and damage to plaintiff's vehicle. She alleged specific acts of negligence on the part of the son. There was sufficient testimony introduced at the trial to support these allegations and from which a percentage of fault could be determined. The son appeared at the trial and testified on behalf of the plaintiff. The plaintiff and defendant both understood the nature of the issue and introduced evidence on that issue. The trial court made findings as to the percentage of fault of each party involved in the collision, including that of the son. These findings adequately support the judgment entered thereon. We hold that the issue of the percentage of fault of the son was adequately raised in the pleadings, supported by substantial competent evidence and properly decided by the trier of fact.

Judgment affirmed.