**Kenneth W. BAIRD, Plaintiff,**

v.

**PHILLIPS PETROLEUM COMPANY and Weber Aircraft Corporation, Defendants.**

**Civ. A. No. 80–2222.**

United States District Court, D. Kansas.

April 14, 1982.

Leonard O. Thomas, Weeks, Thomas, Lysaught & Mustain, Kansas City, Kan., Douglas H. Delsemme, Knipmeyer, McCann, Fish & Smith, Kansas City, Mo., O. P. Peterson, Jr., Kansas City, Kan., Douglas C. McKenna, Alder, Nelson & McKenna, Overland Park, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the Court upon the motion of defendant Weber Aircraft Corporation [hereinafter Weber] for summary judgment, the motion of defendant Phillips Petroleum Company [hereinafter Phillips] for summary judgment, the motion of defendant Weber for leave to join additional defendants or file third-party complaint, and the motion of defendant Weber for leave to file an amended answer.

Plaintiff has filed this action alleging negligence on the part of defendants Phillips and Weber. Plaintiff allegedly fell from a hydraulic lift and was injured on July 15, 1978. At the time he was employed by Piping Contractors, Inc. [hereinafter Piping], and was performing duties Phillips had contracted to have performed by independent contractors. Plaintiff has alleged Phillips was negligent in repairing and maintaining the lift, and that Weber was negligent in the lift's design and manufacture.

Phillips had contracted with the Darby Products Company of Steel Plate Corporation [hereinafter Darby] to furnish labor to perform repair and maintenance work at the Phillips refinery. For this project, Darby had subcontracted the pipe fitting work to Piping. The work performed by plaintiff was pursuant to Darby's contractual obligation to Phillips. Phillips was aware and approved the use of Piping employees to do the maintenance and repair job. Pursuant to the contract, Phillips paid Darby for the work performed by Piping employees. Workmen's compensation benefits were paid by Piping's insuror for plaintiff's injuries.

Robert W. Harris, Harris & Hills, Kansas City, Kan., G. Winton Huston, Lee's Summit, Mo., for plaintiff.

## I. *Defendant Weber's Motion for Summary Judgment*

On June 3, 1980, plaintiff filed a petition for damages in the District Court of Wyandotte County, Kansas, against defendants Phillips and Weber. This action subsequently was removed to this court. The petition was filed on behalf of Mr. Baird as the only plaintiff. Plaintiff's petition was filed some twenty-two (22) months after the alleged accident. Plaintiff's petition contains no allegation that the petition was being filed by the named plaintiff's employer, Piping, or Piping's insurance carrier, in the name of the plaintiff. In fact, Piping has not at any time since the alleged injury been a party plaintiff in any suit to recover damages from defendants or any other third party.

Plaintiff received workman's compensation benefits from Piping's insurance carrier. Medical bills totaling Nine Hundred Thirty-Seven and 95/100 Dollars ($937.95) were paid by Piping's insurance carrier. A settlement of Twenty-Five Thousand Dollars ($25,000) was made in a lump sum to plaintiff by Piping's insurance carrier. Additionally, temporary total compensation in the amount of Three Thousand Eight Hundred Fourteen and 17/100 Dollars ($3,814.17) was paid to plaintiff.

Defendant Weber argues that plaintiff is a "workman" as that term is defined in K.S.A. 44–501 *et seq.*, and that the injury of which he complains arose out of and in the course of his employment. K.S.A. 44–504(b) provides, in part, that a workman's remedy against a negligent third-party is limited in that such an action must be instituted within one (1) year of the date of injury. Defendant Weber further argues that it is clear plaintiff in this action failed to commence his lawsuit within one year from the date of his injury. Therefore, it is argued, defendant Weber is entitled to judgment as a matter of law.

K.S.A. 44–504(c) provides, in part, that:

"Failure on the part of the injured workman ... to bring such action within the time herein specified, shall operate as an assignment to the employer of any cause of action in tort which the workman ... may have against any other party for such injury ... and such employer may enforce same in his own name or in the name of the workman ..."

The employer is governed by the two-year statute of limitations contained in K.S.A. 60–513. *See Lady v. Ketchum*, 186 Kan. 614, 352 P.2d 21 (1960). This means that an injured workman must bring his suit within one (1) year, and if he fails to do so, his cause of action is assigned to the employer, who must bring his suit within two (2) years of the injury or be barred. Defendant Weber contends in its motion for summary judgment that this lawsuit is being brought solely by plaintiff and not by plaintiff's employer as a result of the assignment provision of K.S.A. 44–504(c).

Plaintiff, however, vigorously denies this. Plaintiff contends that defendant Weber has been placed on notice that plaintiff's cause of action includes the recognition of subrogation rights in benefits of the employer and the employer's worker compensation insurance carrier. Plaintiff argues that the Federal Rules of Civil Procedure require only notice pleading, and that notice pleading does not require plaintiff to set forth that his lawsuit is brought for his benefit and for the benefit of his employer and its insurance carrier as their interests appear. Plaintiff shows the Court that if the Court should require plaintiff to amend his cause of action strictly to conform with K.S.A. 44–504(c), plaintiff is willing to do so. Plaintiff argues that the need for such amendment, or the lack thereof, is not the proper subject for a summary judgment motion.

The Court must agree with plaintiff, although the Court will order that such amendment be made. The liability of the tortfeasor remains the same for two (2) years after the injury, no matter who brings the action, the employee or the employer. The language of K.S.A. 44–504 requires that the injured employee must bring his action within one (1) year, and that failure to do so will result in assignment to his employer of any cause of action

in tort which he might have against some third-party. On its face, this statute seems to deprive an employee of his right to sue after one year has elapsed. This, however, is not the interpretation placed on the statute by the Kansas Supreme Court. On the contrary, in a number of cases where suit was brought by an employee after the expiration of the one year period provided by K.S.A. 44–504, it was held that the period of limitations set out in the statute did not prevent an action by an employee thereafter on his own behalf, and on behalf of his employer and compensation carrier. *See, e.g., Klein v. Wells,* 194 Kan. 528, 538, 400 P.2d 1002 (1965); *Bingham v. Hillcrest Bowl, Inc.,* 193 Kan. 201–202, 392 P.2d 942 (1964); *Sundgren v. Topeka Transportation Co.,* 178 Kan. 83, 88, 283 P.2d 444 (1955). *See also, Hedges v. Fischbach & Moore, Inc.,* No. KC–2507 (D.Kan., 1967, *unpublished* ).

The Court concludes that an injured workman can avoid the one year limitation in subsection (b) of K.S.A. 44–504 simply by taking the precaution of pleading his cause of action as one for himself, his employer, and the workmen's compensation insuror as their interests appear. *Houk v. Arrow Drilling Co.,* 201 Kan. 81, 439 P.2d 146 (1968). The form of the lawsuit is important. *See Whitaker v. Douglas,* 179 Kan. 64, 71–72, 292 P.2d 688 (1956). Defendant Weber has been on notice of the nature of this lawsuit since at least the time it was removed to this Court from Wyandotte County, Kansas. Defendant Weber has not alleged that it has been prejudiced by plaintiff's course of pleading in this action to date, and, indeed, it would be difficult to see how defendant Weber could have been prejudiced. Therefore, plaintiff is directed to amend his complaint to reflect the nature of his suit as being one for himself, his employer, the employer's workman's compensation insuror, as their interests appear. Defendant Weber's motion will, therefore, be overruled.

## II. *Defendant Phillips' Motion for Summary Judgment*

Plaintiff was injured while working for Piping on the premises of defendant Phillips. Phillips had contracted with Darby to furnish labor and do maintenance and repair work as needed on Phillips' catalytic cracking unit and other facilities at the Kansas City refinery. Pursuant to a written contract, Phillips sometimes used Darby employees to repair steam valves and steam traps on steam tracers in and around the refinery. Darby labor was used when Phillips did not have sufficient manpower to complete a repair project in the required time.

Darby would sometimes use employees of Piping to fulfill the terms of the contract. The contract provided that Darby might subcontract some work. On July 15, 1978, the date of plaintiff's accident, Darby was supplying labor under the contract with Phillips that entailed the replacement and repair of steam valves and steam traps on steam tracers. Darby was using Piping employees. Plaintiff was an employee used by Piping to perform duties under the Phillips contract with Darby.

Steam tracers are copper tubes which surround pipes carrying oil, oil products, or water. Their function in the winter is to keep the contents of the pipes from freezing or becoming thick and sluggish. On the steam tracers are steam valves and steam traps which release steam or trap water as necessary to regulate steam pressure within the lines. There are miles of steam tracers used in the refinery. The steam traps and steam valves must be working properly by the time the winter arrives. If not properly repaired, production is reduced because fluids are not moving properly. Improperly working steam valves release steam into the atmosphere, requiring the refinery to generate more steam than is required for their refining uses, and thus increasing the production cost.

Piping and Darby share offices in Kansas City, Kansas. Piping is a union shop for pipefitters; Darby is a union shop for boilermakers. Some officers and directors serve in their respective capacities for both corporations at the same time. Darby

sometimes subcontracts work to Piping to fulfill its obligations. On July 15, 1978, Darby was subcontracting to Piping its requirements for pipefitters under the Phillips contract. These subcontracts were done through purchase orders issued by Darby to Piping for Piping employees. Darby would pay Piping for the use of the employees, and Piping would pay the employees. Defendant Phillips' motion for summary judgment is based on the contention that plaintiff was the statutory employee of Phillips, and therefore is barred from bringing this action by the exclusive remedy provision of the Kansas Workmen's Compensation Act. Affidavits accompany this summary judgment motion, and numerous depositions are part of the record.

The Kansas Workmen's Compensation Act is the exclusive remedy for an injured employee against one who is his employer within the meaning of the act. K.S.A. 44–501. Because Phillips was not plaintiff's immediate employer, Phillips must bring itself within the subcontracting section of the act to be entitled to protection against this lawsuit. That section, K.S.A. 44–503(a), provides, in pertinent part:

"Where any person (in this section referred to as principal) undertakes to execute any work which is a part of his trade or business or which he has contracted to perform and contracts with any other person (in this section referred to as the contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any workman employed in the execution of the work any compensation under the workmen's compensation act which he would have been liable to pay if that workman had been immediately employed by him; ..."

The question raised by defendant's motion is whether plaintiff was employed in the execution of work which was part of Phillips' trade or business.

The tests to be applied in resolving cases of this nature are set forth in *Hanna v. CRA, Inc.*, 196 Kan. 156, 409 P.2d 786 (1966). The Court there stated:

"This court has laid down two rather definite tests by which to determine whether the work covered by a contract is part of the principal's trade or business, *i.e.*, (1) is the work being performed by the independent contractor and the injured employee necessarily inherent in and an integral part of the principal's trade or business? (2) is the work being performed by the independent contractor and the injured employee such as would ordinarily have been done by the employees of the principal?

"If either of the foregoing questions is answered in the affirmative the work being done is part of the principal's 'trade or business,' and the injured employees (sic) sole remedy against the principal is under the Workmen's Compensation Act."

Courts have construed the law liberally to hold that the Workmen's Compensation Act applies. *Adams v. Ford Motor Co.*, 573 F.2d 1182 (10th Cir. 1978).

Phillips argues that the work performed by plaintiff was necessarily inherent in and an integral part of Phillips' trade or business, satisfying the first test of *Hanna*. As defendant's affidavits show, production at the Phillips refinery is dependent upon fluids moving properly within the pipes which carry oil, oil products or water. If there is sufficient disrepair, refining could conceivably be halted. Furthermore, improperly working steam valves release steam, and increase the cost of production.

Defendant's affidavits show that Phillips sometimes uses its own pipefitters and welders to repair and replace steam valves or traps on steam tracers. These employees are part of the maintenance staff and have the capability to do repair work on the steam tracers. If a project, however, needs to be completed by a specific date, and Phillips' personnel cannot supply the required man-hours, Phillips subcontracts the work. The affidavits show that to replace steam valves and traps, it may be necessary for a pipefitter to use pipewrenches, correction wrenches, screwdrivers, wirecutters,

flaring tools, cherry pickers, straight-arc welders, and various lifts. Small tools costing less than Fifty Dollars ($50) were supplied by Darby, but Phillips paid Darby a two percent (2%) tool fee for the use of those tools. Phillips provided all necessary valves, traps and other material for their repair and maintenance work. Large tools and lifts were provided by Phillips, or Phillips rented those tools. All tools, materials, and lifts used to perform the contract were the same as those provided by Phillips to its employees in performing the same replacement or repair function on steam tracers. Both Phillips' pipefitters and Piping's pipefitters used the same procedures in repairing or replacing steam valves and traps.

Plaintiff argues that Phillips has failed to sustain its burden to support a motion for summary judgment. Plaintiff argues that the affidavits supplied by Phillips do not adequately explain the trade or business of Phillips. Plaintiff further argues, without case support or affidavits, that on-the-job supervision was provided by Piping. Plaintiff takes the position that Phillips must have been in the position to provide trained pipefitters to supervise Piping's pipefitters in order to be a statutory employer. Without support, plaintiff maintains that Phillips' staff did not include pipefitting supervisors or any other person capable of performing the work of supervising pipefitters. Without support, plaintiff also contends that defendant Phillips did not, and does not, use its own employees for major repairs or replacement of steam traps. Plaintiff admits that the affidavits supplied by defendant allege the requirements of the statutory employer test set out in *Hanna, supra,* but plaintiff contends that there remain factual questions which are unresolved.

■ Even assuming plaintiff's immediate supervisor might have been an employee of Piping, under the *Hanna* test, the type of work done determines whether or not a person is a statutory employee. The fact that plaintiff's supervisor or foreman was also a Piping employee simply is not determinative.

■ It must be remembered that the scope of coverage of K.S.A. 44–503 is to be liberally construed in favor of broad coverage, and, consequently, exemption from tort liability. *Adams v. Ford Motor Co., supra,* at 1185. *See also, Hoffman v. Cudahy Packing Co.,* 161 Kan. 345, 349–50, 167 P.2d 613 (1946). This case comes within the holding in *Lessley v. Kansas Power & Light Co.,* 171 Kan. 197, 231 P.2d 239 (1951), where an addition to an electrical generating plant was being made by a contractor, and also to *Hoffman v. Cudahy Packing Co., supra,* where a telephone company employee was on the premises of a meat packing plant to repair an electrically-operated bell. In both cases, the principle was found to be a statutory employer within the meaning of the Workmen's Compensation Act. *Woods v. Cessna Aircraft Co.,* 220 Kan. 479, 553 P.2d 900 (1976), cited by plaintiff, may be distinguished. That case involved construction of a large building. Ordinarily, construction work, such as building a new factory, is considered outside the trade or business of a manufacturer or mercantile establishment. In *Woods,* there was insufficient evidence to indicate that any Cessna employees would ordinarily perform such construction work. In this case, however, the evidence is undisputed that Phillips used its own manpower, and only hired outside labor when Phillips did not have sufficient manpower to complete a project involving repair or maintenance in the required time.

■ Having carefully considered the memoranda, the relevant case law, the affidavits presented, as well as the depositions in the case, we hold that Phillips was a statutory employer of plaintiff and that plaintiff's sole remedy against Phillips is under the Workmen's Compensation Act. Accordingly, defendant's motion for summary judgment will be sustained.

■ The Court is well aware that summary judgment is to be granted cautiously. *Barber v. General Electric Co.,* 648 F.2d 1272, 1276 (10th Cir. 1981). Summary judgment is to be rendered only "... if the

pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." F.R.C.P. 56(c). It is, however, clear that when a motion for summary judgment is supported by affidavits, the party opposing it must respond with specific facts showing the existence of genuine issues for trial. *Stevens v. Barnard*, 512 F.2d 876 (10th Cir. 1975); *Whitfield v. Gangas*, 507 F.2d 880 (10th Cir. 1974). A trial court need "not look with indulgence upon a party who has presented neither evidentiary material in opposition nor any reason for his failure to do so." 6 Moore's *Federal Practice*, ¶ 56.23 at 1391. Defendant's motion for summary judgment was made on November 20, 1981. The Court is satisfied that the record shows defendant was the statutory employer of plaintiff, defendant is entitled to judgment as a matter of law, and plaintiff has had a full and fair opportunity to oppose defendant's motion. Defendant's motion for summary judgment will therefore be sustained.

III. *Defendant Weber's Motion for Leave to File Third-Party Complaint or Otherwise Join Phillips and Piping as Defendants*

Plaintiff contends that Phillips should be joined, in the event that Phillips' summary judgment motion is granted, as a formal party defendant, and that the actual employer of plaintiff, Piping, should also be joined as a formal party defendant, pursuant to K.S.A. 60–258a(c), and F.R.C.P. 19(a). In the alternative, defendant Weber seeks to file third-party complaints against Phillips and Piping pursuant to F.R.C.P. 14, if their joinder as additional defendants is denied.

 At the outset, the Court holds that defendant Weber may not file third-party complaints against Phillips and Piping pursuant to F.R.C.P. 14, because there is no allegation that either Phillips or Piping are parties who are or may be liable to Weber for plaintiff's claim. Third-party complaint under Rule 14 contemplates questions of subrogation, or liability under a contract of indemnity. Rule 14 is not applicable to a situation involving the joinder of joint tortfeasors. The Court further holds that there is no right to indemnity on the basis of active-passive negligence, because this tort theory is no longer the law in Kansas. *Kennedy v. City of Sawyer*, 228 Kan. 439, 618 P.2d 788 (1980).

 Defendant Weber argues that defendants have a substantive right to join joint tortfeasors in Kansas pursuant to the Kansas comparative negligence statute. K.S.A. 60–258a. In this district, federal courts consistently have held that K.S.A. 60–258a is not a substantive joinder statute. K.S.A. 60–258a gives a defendant in a tort action a substantive right to have all negligence compared in a single action, but joinder has never been held to be a prerequisite for this comparison. Under § 60–258a, the negligence of all tortfeasors may be compared even if all tortfeasors are not made parties to the lawsuit. *Brown v. Keill*, 224 Kan. 195, 580 P.2d 867 (1978); *Miles v. West*, 224 Kan. 284, 580 P.2d 876 (1978). In *Stueve v. American Honda Motors Co., Inc.*, 457 F.Supp. 740, 750 (D.Kan., 1978), Judge Richard D. Rogers stated:

"... While K.S.A. § 60–258a(c) does provide a joinder mechanism whereby a defendant may bring in a co-defendant regardless of the possibility of liability *inter sese*, federal courts of this district have viewed this provision as merely a procedural device inapplicable in federal courts. Joinder in such a situation is not authorized by the Federal Rules of Civil Procedure. ... This Court has consistently adhered to the 'phantom party' concept suggested in PATTERN INSTRUCTIONS FOR KANSAS 2d § 20.05 (1977) and 3 VERNON'S KANSAS STATUTES ANNOTATED § 60–258, p. 88 (1977 Concannon Supp.). ... The joinder mechanism of K.S.A. § 60–258a(c) is unique to Kansas, and in any event, the Kansas Supreme Court has stated in *Brown* the apportionment of liability mandated by the statute is to be undertaken regardless

of whether the prospective co-defendant is or can be formally joined. . . ." (Cites omitted.)

The Court fully agrees with Judge Rogers, who stated in the same opinion that a broad rule allowing joinder under F.R. C.P. 19 would cause more jurisdictional and procedural problems in this district than it would solve. *See also Albertson v. Volkswagenwerk AG., et al.,* 230 Kan. 368, 371, 373–74, 634 P.2d 1127 (1981). The Court will, therefore, deny defendant Weber's motion to seek formal joinder of both Phillips and Piping.

### IV. *Defendant Weber's Motion for Leave to File Amended Answer*

Defendant Weber shows the Court that during the course of discovery in this matter, certain facts have been established which tend to show that plaintiff had placed boards on top of the safety rails of the hydraulic lift upon which he was working on the date of the accident, and thus, in effect, constructed a temporary scaffolding upon which to work. Weber argues that this was negligent conduct on the part of plaintiff. Plaintiff opposes an amended answer on the grounds that these facts were known to defendant when defendant filed its first answer, and further "that to allow an amended answer at this date after discovery has been almost entirely completed in (sic) a pretrial conference had, would be too (sic) prejudice (sic) for prosecution of this case by plaintiff."

Whether or not a proposed amendment will prejudice the other parties to a lawsuit is a conclusion which is reached by the Court after it hears the specific reasons the other parties oppose the proposed amendment. Plaintiff has shown the Court no facts which would justify the Court to reach the conclusion that the proposed amendment would prejudice plaintiff or any other party to the lawsuit. Defendant Weber's motion for leave to file an amended answer will, therefore, be granted.

IT IS BY THE COURT THEREFORE ORDERED that defendant Weber's motion for summary judgment is hereby denied, however, plaintiff is instructed to amend his complaint to reflect the fact that his suit is brought on behalf of himself, his employer, and his employer's insurance carrier, as their interests may appear. IT IS BY THE COURT FURTHER ORDERED that defendant Phillips' motion for summary judgment is hereby granted. IT IS FURTHER ORDERED that defendant Weber's motion for leave to join additional defendants or to file third-party complaint is hereby denied. IT IS FURTHER ORDERED that defendant Weber's motion for leave to file an amended answer to the complaint is hereby granted.