**Nicholas J. DEVONE and Theresa Devone, Plaintiffs,**

v.

**James L. NEWLIN and Shaffer Trucking Company, Inc., Defendants.**

**Civ. A. No. 88–2215.**

United States District Court,
D. Kansas.

May 9, 1989.

David P. Troup, Weary, Davis, Henry, Struebing and Troup, Junction City, Kan., for plaintiffs.

Barry E. Warren, Wallace, Saunders, Austin, Brown and Enochs, Overland Park, Kan., for defendants.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on plaintiffs' motion, entitled "Motion for Determination of Legal Issue Before Trial by District Judge." Although the motion appears at first glance to be a motion in limine, plaintiffs essentially are asking the court to impose sanctions on the defendants under Federal Rule of Civil Procedure 37(b)(2). Specifically, plaintiffs request the court to enter an order prohibiting the defendants from introducing evidence concerning the comparative fault of a non-party, Jeanette McGowan. Fed.R.Civ.P. 37(b)(2)(B).

The course of this lawsuit has not run smoothly, and both the plaintiffs and the defendants appear to be equally responsible for the dilemma now before the court. On the one hand, the defendants failed to

obey a discovery schedule issued by Magistrate Rushfelt on November 8, 1988. That discovery schedule required defendants to identify by October 31, 1988, the other parties whose fault they wanted compared. Because this discovery schedule was not filed until after the October 31st deadline, defendants apparently concluded that they were relieved from obeying the discovery schedule; instead of informing the court of the impossibility of meeting the October 31st deadline due to the fact that the order was filed after that date, the defendants chose to wait until February 23, 1989, to provide the identification of the other parties they considered to be at fault. The defendants thus chose to engage in what appears to be a form of subterfuge designed to reduce their liability and plaintiffs' recovery.

On the other hand, plaintiffs chose not to join Jeanette McGowan as a defendant before the running of the statute of limitations, despite the fact that an August 16, 1988, letter from the defendants stated their intention of raising the issue of Jeanette McGowan's negligence, and despite the fact that Jeanette McGowan filed a lawsuit against plaintiff Nicholas Devone on October 31, 1988. By making this choice, plaintiffs could have been attempting to avoid the effects of the proportionate liability of all parties at fault by suing only some of several tortfeasors, a practice which is not condoned. *See, e.g., Brown v. Keill*, 224 Kan. 195, 580 P.2d 867 (1978).

On balance, the court finds both parties must bear the responsibility for not joining Jeanette McGowan in this action prior to the running of the statute of limitations. Consequently, the court must look to the purpose of comparative fault to fashion an appropriate solution. The Kansas Supreme Court stated that

> the intent and purpose of the legislature in adopting K.S.A. 60–258a was to impose individual liability for damages based on the proportionate fault of all parties to the occurrence which gave rise to the injuries and damages even though one or more parties cannot be joined formally as a litigant or be held legally responsible for his or her proportionate fault.

*Brown v. Keill*, 224 Kan. at 207, 580 P.2d at 876 (1978). Thus, under the comparative fault statute, "all tortfeasors may be made parties to a lawsuit and even if they are not made parties their percentage of fault may be determined. With the rendition of individual judgments the risk of an immune or judgment-proof tortfeasor falls upon the plaintiff." *Miles v. West*, 224 Kan. 284, 286, 580 P.2d 876, 879 (1978). Given the strong policy in favor of determining the fault of all parties in one action, the court has concluded that defendants will be allowed to introduce evidence of non-party Jeanette McGowan's negligence.

Additionally, the court has determined that the prior impediments to consolidating this action with the companion case currently pending before Judge Rogers no longer exist. Therefore, the court will vacate its prior order of February 17, 1989, and will order the companion cases consolidated. Fed.R.Civ.P. 42(a).

IT IS THEREFORE ORDERED that plaintiffs' motion for discovery sanctions, entitled "Motion for Determination of Legal Issue Before Trial by District Judge" is denied. Defendants will be allowed to introduce evidence regarding the fault of non-party Jeanette McGowan.

IT IS FURTHER ORDERED that the court's February 17, 1989, Memorandum and Order is vacated. This action is consolidated with case number 88–4257, *Jeanette McGowan v. Nicholas J. Devone, James L. Newlin and Shaffer Trucking, Inc.*, and is assigned to Chief Judge Earl E. O'Connor in Kansas City, Kansas.