**KREEKSIDE PARTNERS, Plaintiff,**

v.

**NORD BITUMI U.S., INC., Defendant.**

**Civil Action No. 95–2580–EEO.**

United States District Court,
D. Kansas.

April 21, 1997.

Mark A. Jess, Bryan Cave, LLP, Kansas City, MO, for plaintiff.

David R. Buchanan, Brown & James, P.C., Kansas. City, MO, Frederick C. Biehl, III, Soriano, Henkel, Biehl & Matthews, Roseland, NJ, defendant.

*MEMORANDUM AND ORDER*

EARL E. O'CONNOR, Senior District Judge.

This matter is before the court on plaintiff's motion in limine (Doc. # 93). Plaintiff seeks to exclude (1) evidence of any alleged fault of Duane Dennis Danner d/b/a Danner Roofing ("Danner") for purposes of reducing defendant's fault under the Kansas Comparative Fault Act and (2) references that any damages plaintiff suffered should be satisfied by insurance carried by Danner. For the reasons stated below, plaintiff's motion is granted.

## I.  Factual Background.

Plaintiff Kreekside Partners ("Kreekside") claims that defendant Nord Bitumi U.S., Inc. ("Nord") negligently represented that Danner was qualified and suitable to apply Nord's roofing material for the purpose of inducing plaintiff to enter into a contract with Danner. Kreekside subsequently entered into a contract with Danner to re-roof Kreekside's apartment buildings using materials supplied by Nord. In early 1994, Danner commenced work and re-roofed plaintiff's apartment buildings with Nord roofing material. Significant leaks developed in the roofs which caused damage to plaintiff's apartment buildings and its tenants' property. The parties have stipulated that Danner failed to perform the roofing applications in accordance with Nord's specifications and requirements.

## II.  Relevance Of Danner's Alleged Negligence To Plaintiff's Negligent Misrepresentation Claim Against Nord.

■ Defendant seeks to have the jury compare Nord's fault (in making the alleged misrepresentation of Danner's abilities) to Danner's fault (in failing to properly install the roofs and complete the work) and Kreekside's fault. Plaintiff concedes that the jury appropriately can compare Nord's fault to Kreekside's fault. Plaintiff argues, however, that comparison of Nord's fault to Danner's fault is inappropriate under the Kansas Comparative Fault Act. *See* Kan. Stat. Ann. § 60–258a. The court agrees.

■ The Kansas Supreme Court has recognized a cause of action for negligent misrepresentation. *See Mahler v. Keenan Real Estate, Inc.*, 255 Kan. 593, 876 P.2d 609 (1994) (recognizing tort of negligent misrepresentation in real estate purchase context).[1]

---

1. In *Mahler,* the Kansas Supreme Court addressed the issue of a seller's liability for a real estate agent's negligent misrepresentation to a buyer. The court held that the seller was not

The court adopted section 552 of the Restatement (Second) of Torts, which provides:

> [o]ne who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

255 Kan. at 604, 876 P.2d at 616 (quoting Restatement (Second) of Torts § 552(1) (1977)). A defendant's liability for negligent misrepresentations extends to those damages resulting from the action that the defendant intends to induce or influence. *See Mahler*, 255 Kan. at 604, 876 P.2d at 616; Restatement § 552(2). Plaintiff is entitled to compensation for the loss suffered of which the misrepresentation is the legal cause. *See* Restatement § 552B(1); *EF Hutton & Co., Inc. v. Heim*, 236 Kan. 603, 613–16, 694 P.2d 445, 453–54 (1985) (adopting customary negligence rule of damages based upon proximate cause for commodity broker's alleged negligent misrepresentation). In this case, plaintiff alleges that defendant's misrepresentations are the legal cause of Danner's negligence or faulty workmanship on plaintiff's property. Thus, Nord's liability cannot be reduced by the fault of Danner. Rather, the amount of plaintiff's damages for Nord's alleged misrepresentation is dependent on or derivative from Danner's negligent or wrongful conduct.[2]

Nord and Danner are not "joint or successive tortfeasors" for which the Kansas Comparative Fault Act applies. *See Mick v. Mani*, 244 Kan. 81, 85–94, 766 P.2d 147, 150–57 (1988); *Teepak, Inc. v. Learned*, 237 Kan. 320, 322–29, 699 P.2d 35, 37–43 (1985). Kansas courts apply comparative fault principles to multiple tortfeasors to a single occurrence or successive tortfeasors that cause a single indivisible injury. *See Chavez v. Markham*, 256 Kan. 859, 867, 889 P.2d 122, 127 (1995); *Mick*, 244 Kan. at 86, 766 P.2d at 151; *Teepak*, 237 Kan. at 329, 699 P.2d at 42–43; *Brown v. Keill*, 224 Kan. 195, 207, 580 P.2d 867, 876 (1978). Here, the "occurrence" was the execution of a contract between plaintiff and an individual who did not have the represented qualifications. Danner's negligent workmanship did not contribute to this "occurrence." Instead, plaintiff claims that Danner's negligent workmanship was a foreseeable consequence of defendant's conduct of inducing plaintiff to enter into the contract. The extent to which Danner deviated from the standard of care goes to the amount of plaintiff's damages for entering the contract and does not offset defendant's liability.

Nord should not be able to reduce its fault by the fault of Danner where the nature of Nord's alleged wrongful conduct is that Nord misrepresented the abilities of Danner. *See generally Kansas State Bank & Trust Co. v. Specialized Transp. Servs., Inc.*, 249 Kan. 348, 376, 819 P.2d 587, 606 (1991) ("Negligent tortfeasors should not be allowed to reduce their fault by the intentional fault of another that they had a duty to prevent."); *Gould v. Taco Bell*, 239 Kan. 564, 570–71, 722 P.2d 511, 516–17 (1986) (same); *M. Bruenger & Co. v. Dodge City Truck Stop, Inc.*, 234 Kan. 682, 687, 675 P.2d 864, 869–70 (1984) (same). In *M. Bruenger*, plaintiff alleged that its truck was stolen because of the negligence of the defendant who was a bailee. The defendant attempted to compare its negligence with the fault of the thief who subsequently wrecked the truck. The Kansas Supreme Court held that the Comparative Fault Act did not apply because a bailee is required to exercise reasonable care "to prevent the theft in the first place." 234 Kan. at 686, 675 P.2d at 869. The cause of the loss, the failure to exercise reasonable care to prevent

---

liable because the seller was not the source of the misinformation. 255 Kan. at 607, 876 P.2d at 618. Danner's workmanship on the roofs of plaintiff's apartment buildings clearly was not the source of Nord's alleged misinformation because Danner's work on plaintiff's apartment buildings occurred subsequent to the execution of the contract between plaintiff and Danner.

2. It is undisputed that Danner directly caused 100% of the faulty workmanship on the roofs. Plaintiff's claim is not for negligent work on the roofs, rather, plaintiff's *claim* is for negligent misrepresentation and plaintiff's *damages* are substandard roofs.

theft, is complete when the theft occurs. 234 Kan. at 687, 675 P.2d at 869. The court concluded that "the trial court committed reversible error in requiring the jury to compare the negligence of the bailee with the acts or omissions (whether intentional or negligent) of the thief." 234 Kan. at 687, 675 P.2d at 870–71. "The thief's level of care in using or abusing the rig did not alter [defendant's] duty one whit." 234 Kan. at 686, 675 P.2d at 869.

The court finds that the duty of a bailee described in *M. Bruenger* and Nord's duty not to recommend unqualified contractors are analogous for purposes of determining whether the Comparative Fault Act applies. As in *M. Bruenger*, the "cause of plaintiff's loss" was complete when plaintiff executed the contract with Danner. Danner's faulty and incomplete work was merely a foreseeable consequence of defendant's conduct of inducing plaintiff to enter into the contract.

The court has not found, and defendant has not offered, any authority for the proposition that the fault of the individual whose skills are misrepresented can be compared to the fault of the individual who made the representation. The court finds that applying the Comparative Fault Act in these circumstances would yield inconsistent and absurd results. For example, if plaintiff sued only Danner on a negligence theory for faulty workmanship, the Comparative Fault Act would not allow the jury to compare Danner's fault to Nord's fault. Danner could not reduce his liability by arguing that plaintiff would not have hired him but for Nord's misrepresentations. We do not think that the Kansas legislature intended that the Comparative Fault Act would apply where a plaintiff sued one particular tortfeasor but would not apply under the same factual circumstances where a plaintiff sued another tortfeasor. *See, e.g., Albertson v. Volkswagenwerk Aktiengesellschaft*, 230 Kan. 368, 374, 634 P.2d 1127, 1132 (1981) ("Under the doctrine of comparative fault all parties to an occurrence must have their fault determined in one action."); *Brown*, 224 Kan. at 207, 580 P.2d at 876 ("the intent and purpose of the legislature ... was to impose individual liability for damages based on the proportionate fault of all parties to the occurrence which gave rise to the injuries and damages"). Thus, the court finds that defendant's alleged negligent misrepresentation and Danner's faulty workmanship are not a single occurrence or joint causes of the same injury. Therefore, the Comparative Fault Act is not applicable to compare these two alleged negligent acts.[3]

## III. Evidence Of Insurance Carried By Danner.

Plaintiff seeks to exclude evidence or references that any damages plaintiff suffered should be satisfied by insurance carried by Danner. Plaintiff claims in part that defendant failed to comply with its own procedures in approving Danner as an applicator. Defendant does not intend to introduce any evidence of Danner's insurance coverage for purposes of arguing that plaintiff's damages should be satisfied from such insurance. The court accordingly will grant this portion of plaintiff's motion.

IT IS THEREFORE ORDERED that plaintiff's motion in limine (Doc. 193) is granted.

---

**3.** To the extent Danner also negligently misrepresented information to plaintiff, however, the Comparative Fault Act does apply.